PER CURIAM.
Pursuant to rule 2.130(e) of the Florida Rules of Judicial Administration, the Worker’s Compensation Rules Committee filed a petition with this Court submitting proposed amendments to the Florida Rules of Workers’ Compensation Procedure.[1] Rule 2.130(e) permits the committee, with the approval of the board of governors of The Florida Bar, to submit proposals of an emergency nature to this Court. The committee and the board of governors both concluded that the proposed changes were needed immediately in light of the 1989 and 1990 legislative changes to the Workers’ Compensation Act.[2] We agreed and accepted jurisdiction to consider the proposed amendments.[3]
The following is a brief summary of the material changes as set forth in the proposed amendments:
(1) The workers’ compensation trial rules (part A) have been amended to reflect the legislature’s redesignation of the title deputy commissioner to judge of compensation claims and to allow for the use of facsimile machines to effectuate service;
(2) The workers’ compensation appellate rules (part B) were rewritten to clarify the language of the rules and to reorganize the contents of the rules to conform more closely with the format used in the Florida Rules of Appellate Procedure and a new procedure was created regarding the discretionary review of nonfinal orders;
(3) A new part (part C) was proposed to provide a set of rules to implement 1989 and 1990 legislation authorizing mediation as an alternative resolution process for workers’ compensation disputes;[4] and
(4) A substantial number of the forms set forth in the rules (part D) were amended in response to either new legislation or criticism from practitioners, and the notice of appeal form was revised to set forth the specific benefits that are the subject matter of an appeal.
A draft of the rule changes was unanimously approved by the board of governors of The Florida Bar, and no comments on the proposed amendments were received in response to their publication in the Florida Bar News on December 1, 1991. After a review of the committee’s proposals, we adopt the amendments to the Florida Rules of Workers’ Compensation Procedure as they are set out following this opinion. The amended rules are effective immediately upon the filing of this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.
FLORIDA RULES OF WORKERS’ COMPENSATION PROCEDURE
PART A. TRIAL PROCEEDINGS
RULE 4.010. SCOPE AND TITLE
These rules, adopted and promulgated pursuant to the legal authority of the Supreme Court of Florida, shall govern all workers’ compensation proceedings in and before Deputy Commissionersthe judges of compensation claims and the District Court of Appeal, First District.
These rules shall be cited as Florida Rules of Workers’ Compensation Rales-of *426 Procedure, and may be abbreviated Ha, Ifc©J©P,Fla.R.Work.Comp.P.
Committee Notes
1979 Adoption!. This replaces ©rule 1, W.C.R.P. There is no substantive change except to the changed title of trial forum from “Jjudge of Industrial ©claims” to “©deputy ©commissioner/’ and “lindustrial ©relations ©commission” to “District Court of Appeal, First District”
1992 Amendment. The rules are amended throughout to reflect the change in the title “deputy commissioner” to “judge of compensation claims.”
RULE 4.020. DEFINITIONS
Throughout these rules, unless the context or subject matter otherwise requires:
(a) “©district ©court” means the District Court of Appeal, First District,;
(b) “©clerk” means the clerk of the ©district ©court,;
(c) “©division” means the Division of Workers’ Compensation of the Florida Department of Labor and Employment Security
(d) “department” means the Florida Department of Labor and Employment Securi- &
(de) “Deputyjudge” means Deputy Com-missionerjudge of compensation claims pursuant to ©chapter 440, Florida Statutes,;
(ef) “©chief commissionerjudge” means the chief commissionerjudge of compensation claims appointed by the Governor, serving in the Department of Labor and Employment Security, pursuant to ©chapter 440, Florida Statutes,;
(£g) lin construing these rules, where-when the context indicates, the singular includes the plural and vice versa^ and the masculine includes the feminine and neuter and vice versa,
(gh) ©filing shall be accomplished by placement with the ©division, the Deputy Commissionerjudge of compensation claims, or the clerk of the ©district ©court as the context of ©chapter 440, Florida Statutes, or these rules requires,;
(bi) “©carrier” means any licensed insurance carrier, self-insured employer, self-insurance fund or pool providing workers’ compensation insurance coverage pursuant to ©chapter-440, Florida Statutes, and includes the servicing agents of self-insureds,;
(ij) “©claimant” means any person making a claim for workers’ compensation benefits or payments as permitted by ©chapter 440, Florida Statutes. A “claimant” is a party within the meaning of these rules,;
(jk) “©pleading” means any paper or document filed under these rules invoking the jurisdiction of or seeking relief from the Deputy Commissionerjudge of compensation claims or any court under ©chapter 440, Florida Statutes.
Committee Notes
1979 Adoption;. These definitions adapt to the 1979 legislation by which, for instance, the Bureau of Workmen’s Compensation was upgraded to a Division [of Workers’ Compensation]. This replaces rule 2, 1977 W.C.R.P.
1988 Amendment;. This rule is revised to include definitions of “carrier” (to include self-insureds and servicing agents) and “claimant” (to include any party with standing to bring a claim under ©chapter 440, Florida Statutes).
RULE 4.022. FORMS OF PLEADING
Pleadings in proceedings before the Bep-uty Commissionerjudge of compensation claims under these rules shall substantially conform to these rules unless otherwise ordered by the Deputy-Commissionerjudge of compensation claims. All pleadings (and notices or subpoenas, if originated by a party or an attorney) shall be signed by the party in interest and/or their party's attorney of record. All pleadings shall contain the mailing address and telephone number of the party or attorney filing the pleading. Pleadings shall be typewritten or printed on 8V2" by 11" bond paper. Proposed orders, except as otherwise provided in these rules, shall be accompanied by an original and one copy for the use of the Deputy Commissionerjudge of compensation claims together with enough copies and pre-ad- *427 dressed envelopes to permit service on all parties and counsel of record.
Committee Notes
1988 Adoption;. This rule is intended to standardize the form of pleadings and the preparation of documents by counsel for the use of the ©deputy ©commissioner.
RULE 4.030. FILING AND SERVICE
(a) Filing. Unless otherwise ordered or otherwise provided by these rules or ©chapter 440, Florida Statutes, any pleading or other papers filed in the proceedings shall be served on each party.
(b) Method and Proof of Service.
(1) Same; How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy to hhathe attorney’s or party’s at his last known address. Delivery of a copy within this rule shall mean (a) handing it to the attorney or to the party, or (b) leaving it at the attorney’s office with hfea clerk or other person in charge thereof, or (c) if there is no one in charge, leaving it in a conspicuous place therein, or (d) if the office is closed or the person to be served has no office, leaving it at histhe person’s usual place of abode with somea member of the personnel his family above the age of fif-tee»15 years of age and informing such person of the contents, or (e) by United States mail, postage prepaid, to the last known address of the party or attorney. Service by mail shall be complete upon mailing.
The use of facsimile machines also is permitted when available. When a facsimile machine is used, a cover sheet providing the sender’s name and telephone number shall be included and a copy of the document shall be sent simultaneously to the recipient by mail. The sending party shall retain proof of transmission. Delivery shall be complete on transmission of a complete facsimile of the document.
(2) Certifícate of Service. When required, any attorney or unrepresented party shall certify in substance:
'T certify that a copy hereof has been furnished to .(here insert name or names and address or addresses).by .(method of delivery) (mail).this . day of., 19.
Attorney (or unrepresented party)” The certificate shall be taken as prima facie proof of such service in compliance with these rules.
(c) Service by Mail. When service is effectuated by mail, fiv©5 days shall be added to the time allowed for the performance of any act required to be done, or allowed to be done, within a certain time after service. (This subsectionsubdivision does not apply to the filing requirements for institution of appellate proceedings or notices of hearing.),
(d) Subpoenas. Issuance, servk^ and proof of service of subpoenas of the Deputy — Commissionerjudge of compensation claims shall be in the form and manner provided by the Florida Statutes and the Florida Rules of Civil Procedure.
Committee Notes
1979 Adoption;. This replaces Rrule 2(h), 1977 W.C.R.P., which merely provided “ ‘Service’ shall be as provided in the Florida Rules of Civil Procedure.”
Subsectiondivision (c) replaces Rrule 3(b), W.C.R.P. 1977. The caveat to the filing of appellate proceedings is to warn of the jurisdictional nature of (^section 440.-25(4)(f), Florida, Statutes (1979), which provides:
Beginning on October 1, 1979, procedures with respect to appeals from orders of deputy commissioners shall be governed by rules adopted by the Supreme Court. Such an order shall become final 30 days after mailing of copies of such order to the parties, unless appealed pursuant to such rules. The provisions of paragraphs (a)-(e) shall apply only until September 30, 1979.
1984 RevisioniAmendment. Clarifies Rrules 3(c) and 8(a) by specifically exclud *428 ing fifteen (lSjFay hearing notice from operation of Rrule 3(c).
1988 Amendments. This rule is not intended to confer standing to sue on any person not accorded such standing by Florida Statutes.
RULE 4.040. COMPUTATION OF TIME
In computing any period of time prescribed or allowed by these rules, by order, or by applicable statute, the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included. If any act required to be done, or allowed to be done, falls upon a Saturday, Sunday, or legal holiday, performance of saidthat act shall be required upon the next regular working day.
Committee Notes
1979 Adoptions. This replaces Rrule 3(a), 1977 W.C.R.P.
RULE 4.050. CLAIMS
Claims and notices to controvert shall be filed with the ©division at its office in the City-of Tallahassee. Claims shall be subject to adjudication or dismissal only by order of-the Deputy Commissionerjudge of compensation claims or reviewing court.
Committee Notes
1979 Adoptions. This replaces Rrule 4, 1977 W.C.R.P.
It appears to be the view of the Division of Workers’ Compensation (hereafter “Division”) that the filing of a claim-r-r^_the form of that claim-r^ and all massaging of that claim prior to the same being assigned to a deputy commissioner [for judicial function] pursuant to an application for hearing, is solely and totally within the purview of the division and ought not be addressed by these Workers’ Compensation Rules of Procedure, or any other rules except those of the division. §Section 440.-19(2)(d), Floridar StaRutesT (1979)¿ provides that:
Such claim shall be filed with the division at its office in Tallahassee and shall contain the name and address of the employee, the name and address of the employer, and a statement of the time, place, nature, and cause of the injury, of such fairly equivalent information as will put the division and the employer on notice with respect to the identity of the parties and the specific compensation benefit which is due but has not been paid or is not being provided. Any claim, or portion thereof, not in compliance with this subsection shall be subject to dismissal upon motion of any interested party, the division, or the deputy commissioners.
Cf. § 440.25(1) Fla.Stat. (1979); § 440.-20(10)(b), Fla.Stat. (1979).
This differs — radically—from the traditional source of creating and disciplining the pleading by which civil actions are initiated.
1984 RgvisiomAmendment. Derived from section 440.271, Florida Statutes^ and Rrule 20, Florida Workers’ Compensation Rules of Procedure. Providing for exclusive adjudicatory powers in workers’ compensation matters with the ©deputy ©commissioner or reviewing court rather than the Division of Workers’ Compensation. RULE 4.051. CONSOLIDATION OF CLAIMS
The Deputy Commissionerjudges of compensation claims may, on histheir own motion or on the motion of any party, consolidate claims for the purpose of hearings or for any other purpose.
Committee Notes
1988 Adoption;. This rule formalizes existing procedure for consolidation of claims. RULE 4.056. RIPENESS
At any time during any proceeding, on the motion of any party or on the Deputy Commissioner-Fudge’s own motion, the Deputy Commissionegiudge of compensation claims may make a determination of the ripeness for adjudication of any pending claim or defense or element thereof. The Deputy Commissionerjudges of compensation claims may, in histheir discretion, take such testimony, hear such argument and enter such orders as may be necessary to determine the ripeness of an issue. The Deputy Commissioner may, in order tTo protect the interests of any party and to *429 advance the proceedings, the judge of compensation claims may
(a) sever any issuer-©r¡
(b) continue a scheduled hearing as to any or all issues,-©?;
(c) reserve jurisdiction of any issue,; or
(d) dismiss any issue without prejudice.
In determining the ripeness of any issue, the Deputy Commissionerjudge of compensation claims shall consider whether the opposing party has had adequate time within which to prepare to litigate the issue¿ taking into account the due diligence of the parties.
Committee Notes
1988 Adoption;. This rule recognizes the serial nature of claims and defenses as they arise under ©chapter 440, Florida Statutes. It codifies existing procedure to permit the ©deputy ©commissioner to adjudicate issues as they become ripe.
RULE 4.058. PETITION FOR MODIFICATION; CLAIMPETITION FOR REIMBURSEMENT FROM SPECIAL DISABILITY TRUST FUND
Petitions for modification pursuant to Ssection 440.28, Florida Statutes, and petitions for reimbursement from the Special Disability Trust Fund pursuant to Ssection 440.49(2), Florida Statutes, shall be made substantially in the form of a claim. Adjudication of a petition under this rule shall be in the manner provided in these rules for the disposition of claims and defenses.
RULE 4.060. REPRESENTATION AND APPEARANCE OF COUNSEL; SUBSTITUTION OF COUNSEL; WITHDRAWAL OF COUNSEL
(a)Appearance of Counsel. An attorney undertaking the representation of a party to a proceeding under these rules shall promptly file with the division a notice of appearance, not to exceed one page in length, with the-Bivision prior to the filing of an application for hearing, or with the office of the Deputy Commissioner judge of compensation claims having jurisdiction of the industrial accident after the filing of an application for hearing. The notice shall bear the style and caption provided in ©form 4.901 and include the address and telephone number of counsel. A claim or application for hearing signed by counsel and containing the address and telephone number of counsel shall suffice as a notice of appearance. Notice of appearance shall be filed by any successor, or associated attorney, prior to or concurrently with the filing of any pleading or presentation of oral argument to or before a Deputy Commissionerjudge of compensation claims or the district court.
(b) Substitution of Counsel. Substitution of counsel may be effected by the filing and service of a stipulation, for which no approval of the Deputy Commissioner judge of compensation claims is required, or by motion.
(c) Withdrawal of Counsel. An attorney who has filed a claim or has otherwise become an attorney of record for any party to a workers’ compensation cause shall remain attorney of record in said cause and shall not be permitted to withdraw from the cause unless faethe attorney shall first files with the Deputy — Commissionerjudge of compensation claims a written motion for withdrawal setting forth the reasons therefor, serving a copy of said motion upon the movant’s client and counsel for the adverse party¿ and shall then shall obtain from the Deputy Commissionerjudge of compensation claims an order granting such motion for withdrawal. If appellate proceedings have been instituted in the cause, the motion shall be filed with the appropriate court. Upon the filing of a motion to withdraw as counsel, the Deputy Commissionerjudge of compensation claims having jurisdiction of the industrial accident may conduct such hearings as may be requested by any party or on faisthe judge’s own motion to protect the rights of all parties; or the Deputy-Commissionerjudge of compensation claims may enter an order substantially in the form provided in ©form 4.907.
Committee Notes
1979 Adoption;. This replaces Rrule 6, 1977 W.C.R.P.
*430 1988 Amendment;. This rule clarifies existing procedure as to the appearance and substitution of counsel and provides for an alternate procedure to approve the withdrawal of counsel without a hearing in the absence of a timely objection.
RULE 4.061. CONTRACTS OF REPRESENTATION; ATTORNEY FEES
(a) Contracts of Representation. The employee (or claimant) and the attorney for the employee (or claimant) may jointly apply to the Deputy Commissionerjudge of compensation claims having jurisdiction of the industrial accident to approve their contract of representation and enforce the provisions thereof. The Deputy Commission-erjudge of compensation claims may approve the contract of representation without a formal hearing if it appears to be in substantial compliance with these rules and the provisions of Cchapter 440, Florida Statutes. Upon approval of the contract of representation without a hearing, the Deputy Commissionerjudge of compensation claims shall enter an order and serve a copy of the order on the attorney for the employee. The attorney for the employee shall promptly serve a copy of the Deputy Commissioner’s order on all parties and counsel of record using the certificate of service provided in Fform 4.902. Any party, for good cause shown, may object to and move to modify or vacate any order approving a contract of representation at any time. The Deputy Commissionerjudge of compensation claims shall promptly hear any such motion. The filing and service of a motion to modify or vacate an order approving a contract of representation shall suspend the operation and effect of the order until the motion is heard and decided. Nothing in this rule shall preclude the Deputy Commissionerjudge of compensation claims from modifying or disapproving any contract of representation for good cause or to avoid undue hardship on any party.
(b) Payment of Undisputed Attorney Fees. The employee and the attorney for the employee may jointly move for the Deputy Commissionerjudge of compensation claims to approve the payment of an attorney fee and reimbursement of costs pursuant to a contract of representation by a stipulated motion substantially in the form provided by these rules. The employee and the employer and its carrier (or servicing agent) and/or their counsel may stipulate to the payment of an attorney fee and costs and submit their stipulation to the Deputy Commissionerjudge of compensation claims for approval.
(c)Disputed Attorney Fees or Costs. A claim for attorney fees or costs brought by an attorney or party shall be in the form provided for a claim for compensation and shall be treated as a claim for compensation for all purposes. Any claim for attorney fees shall allege ultimate facts which, if proven, would give rise to entitlement to the award of an attorney fee. Prior to hearing any issue as to the amount of disputed attorney fees or costs, the attorney shall file a verified petition setting forth with specificity the amount of time expended, costs advanced or incurred, and the benefits obtained together with all other allegations of fact pursuant to Ssection 440.34, Florida Statutes. At the request of any party, or on the Deputy Commission-eFsjudge’s own motion, the Deputy Com-missionerjudge of compensation claims shall determine the procedure for the hearing and adjudication of any issues as to a disputed attorney fee and taxation of costs.
Committee Notes
1988 Adoption;. This rule formalizes and makes substantially uniform existing practice as to attorney-client contracts and attorney fees as these proceedings have evolved since the 1979 legislative reforms. Approval of any attorney-client agreement by the Ddeputy Ccommissioner is discretionary and not mandatory.
RULE 4.062. PAYMENT OF ATTORNEY FEES BY EMPLOYEE
The Deputy Commissionerjudge of compensation claims shall hear any motion for attorney fees in the manner provided for a hearing on a claim for compensation. With respect to proceedings in which the fee is to be paid by the employee, the employee may waive a formal hearing before the *431 Deputy Commissionerjudge of compensation claims and the Deputy Commission-erjudge of compensation claims may consider the motion ex parte, based upon verified pleadings. No motion for attorney fees shall be granted by the deputy-eom-missionerjudge of compensation claims unless it appears affirmatively that the provisions of these rules and of Cchapter 440, Florida Statutes;, have been substantially complied with and that the employee has been advised as to those provisions.
Committee Notes
1988 Adoption;. It is intended that all motions under this rule be sworn to by the employee and contain a notarial jurat.
RULE 4.070. APPLICATION FOR HEARING
An application for hearing concerning a claim, made pursuant to Cchapter 440, Florida Statutes, shall state concisely in separate numbered paragraphs the reasons for requesting hearing, and the questions at issue or in dispute which the applicant expects the Deputyjudge to hear and determine, with sufficient particularity that the responding or opposing parties may be notified of the purpose of the hearing, including the issues to be heard and determined and specific benefit due and not paid. Application for the first hearing or trial in a cause shall be filed with the Ddivision at Tallahassee. UpeOn receipt of an application for hearing, all materials filed with or received by the Ddivision shall be incorporated in the file for forwarding to the appropriate Deputy Commissionerjudge of compensation claims who will conduct the hearing. All subsequent materials received or filed also shall be immediately forwarded to the Deputy Commissioner-judge of compensation claims. Applications for any subsequent hearings in that cause shall be filed with the Deputyjudge to whom the case has been assigned. A copy of the application shall be served on counsel for each party and a copy upon any party not represented by counsel. Failure to serve a copy of the application as required shall be grounds for a continuance or cancellation of the hearing.
Committee Notes
1979 Adoptions. This replaces Rrule 7, 1977 W.C.R.P. It is derived substantially from ^section 440.25(3)(a), Florida, Statutes (1979), which again emphasizes “the specific benefit due and not paid.” This clearly points up one of the many differences between civil proceedings generally, and workers’ compensation— fthatl from the ‘Notice of Injury’ a file is begun and maintained by the division in Tallahassee. As a deputy commissioner assumes supervision for the purpose of providing judicial-type services, that administrative file [in the division] provides, in part, the foundation for the file pertinent to the litigation. Even as the litigation proceeds, the administrative functions must be continued, hence a continuing relationship between the dual nature [of that file as] Tr-r administrative/judicial.
1980 Amendments. This change would keep the Ddivision, the agency which is involved in various stages of the management of workers’ compensation cases, apprised of the status of the case, and informed of the reason for the Ddeputy’s continued possession of the file.
1984 RevisionsAmendment. Implements section 440.25(3)(a), Florida Statutes. RULE 4.080. NOTICE OF HEARING; ORDER OF' DEPUTY COMMISSION-ERJUDGE OF COMPENSATION CLAIMS
(a) Notice of Hearing. The Deputy Commissionerjudge of compensation claims shall hold a hearing within 90 days after the filing of an application for hearing, and shall serve the parties and counsel of record at their last known addresses, with at least 15 days( notice by regular mail. The notice shall state with particularity the questions at issue or in dispute that the judge will hear and determine. Service of a notice of hearing shall be complete upon mailing. Unless otherwise specified in the notice of hearing, the Deputy Commission-erjudge may consider and determine all issues pending as of the date of the hearing.
(b) Setting of Hearing. The Deputy CommissionerJudges of compensation claims, may, in histheir discretion, may set *432 hearings singly at a time certain, or may set hearings in the aggregate using dockets in tiie form provided in Raleforms 4.908 and 4.909.
(c) Order. The order of the Deputy Commissionerjudge of compensation claims shall set forth findings of fact, conclusions of lawz and the Deputy — Commissioner^udge’s determination of the claim or other ruling. The order shall be signed by the Deputy Commissionerjudge of compensation claims and shall include a certificate of service to all parties and counsel of record.
Committee Notes
1979 Adoption?. This replaces Rrule 8, 1977 W.C.R.P.
It, too, is derived substantially from $section 440.25(3)(a), Florida, Statutes (1979). Note that the deputy shall give the notice.
1980 Amendment?. 8. (a) Suggestions have been made to remove the requirement that notice to the parties of a hearing be sent by certified mail. The Rules Committee of the Workers’ Compensation section is of the opinion that the requirement that the hearing notice be sent by certified mail should be retained for two reasons. In the first instance, the Sstatute, ((section 440.-25(3)(a), Florida, Statutes, requires notice by certified mail, and, secondly, this provision is viewed as one which provides at least a minimum level of procedural due process.
8. (b) The portion of this rule which the rules committee of the section recommends be removed was in conflict with the wording of Rrule 14, which has been transplanted, in toto, to Rrule 8(b).
1984 RevisiomAmendment. Conforms hearing notice requirements to section 440.-25(3)(a), Florida Statutes, as amended to delete requirement of certified mail service, and provides clarification of time periods involved to the effect that minimum fifteen (15) days( notice is measured from the date notice is mailed.
1988 Amendment?. This rule and accompanying forms provide a standard form for the notice of hearing. In the alternative, a hearing docket system is provided for in recognition of the adoption of that procedure in some districts. The provisions of paragraphsubdivision (b) are new. The balance of the rule reflects the 1984 revision with minor changes in wording for clarity. RULE 4.090. DISCOVERY
(a) Depositions. Depositions of witnesses or parties, residing within or without the Sstate, may be taken and may be used in connection with proceedings under Gchap-ter 440, Florida Statutes, either upon the order of the Deputy Commissionerjudge of compensation claims or at the instance of any party or prospective party to such proceeding. For good cause shown, the Deputy — Commissionerjudge of compensation claims may require the taking of a deposition by telephone.
(b) Production of Documents and Entry on Land. The parties shall be subject to discovery procedures dealing with the production of records and other tangible things, and entry upon land or other property for inspection or other purposes within the scope of discovery, including but not limited to all hospital and medical reports pertaining to the industrial accident, all rehabilitation reports, all records pertaining to the claimant’s average weekly wage at the time of the industrial accident or earnings made subsequent to the industrial accident, and a transcript of any recorded statement of a party. The parties shall have 30 days to serve a written response after service of any request under this rule. The Deputy Commissionerjudge of compensation claims, for good cause shown, may enlarge or shorten the time allowed for compliance with this rule.
(c) Production of Documents from Non-Parties. The parties may also may seek the production of documents and other tangible things, within the scope of discovery, for inspection and copying from a person who is not a party pursuant to applicable Florida Rules of Civil Procedure.
(d) Jurisdiction. The Deputy Commis-sionerjudge of compensation claims shall have jurisdiction to take appropriate action to compel discovery, including the imposition of sanctions, andz may, as circumstances warrant, may enlarge or shorten *433 the applicable time for complying with discovery.
(e) When Discovery May hBe Had. Discovery under this rule may be had prior to the institution of a claim, if the claimant is represented by an attorney, or after the filing of a claim, in the same manner and for the same purposes as provided in the Florida Rules of Civil Procedure.
(f) Other Discovery. Interrogatories, requests for admission, and other forms of discovery not authorized by this rule shall not be used or permitted in workers’ compensation proceedings.
(g) Surveillance. The evidence of any investigator, adjustor^ or other witness in the nature of surveillance shall be subject to discovery when such evidence will be used at trial, provided the party intending to use such evidence is first given a reasonable opportunity to depose the party or witness who is the subject of the surveillance.
Committee Notes
1979 Adoption!. This replaces Rrule 9, 1977 W.C.R.P.
It is derived substantially from ^section 440.30, Florida» Statutes {1979).
1984 RevisiomAmendment. Subseeti-oasdivisions (b) through (f) are new and formalize additional forms of discovery already widely used in workers’ compensation proceedings. This rule specifically declines to adopt interrogatories or requests for admission as unduly cumbersome and contrary to the overriding policy consideration for the expeditious resolution of an injured worker’s rights. Although discovery is generally intended to be self-administrating, it is subject to the supervision of the ©deputy ©commissioner. Stephens v. Southern Furniture Transports, Inc., 420 So.2d 904 (Fla. 1st DCA 1982). This rule does not modify and is consistent with the powers and authority conferred upon the ©deputy ©commissioner pursuant to section 440.33, Florida Statutes.
1988 Amendment!. Subsectiondivision (g) of this rule is intended to conform to Dodson v. Persell, 390 So.2d 704 (Fla.1980).
RULE 4.100. PRETRIAL PROCEDURE
(a) Generally. The Deputy Commission-erJudges of compensation claims may, on bistheir own motion, or shall on the motion of any party to the action, hold a pretrial conference, at which the parties shall:
(1) Sstate and simplify the claims, defenses, and issues»;
(2) Mmake appropriate amendments to the claims and defenses»;
(3) ^stipulate and admit to such facts and documents as will avoid unnecessary proof»;
(4) ©present, examine, and mark for identification, all exhibits. Impeachment and rebuttal exhibits need not be revealed»;
(5) ©furnish the opposing party the names and addresses of all witnesses. Impeachment witnesses, and rebuttal witnesses thereto, need not be revealed»;
(6) ©exchange all available written reports of experts wherewhen expert opinion is to be offered at trial. The reports should clearly disclose the expert opinion and its basis on all subjects on which the expert will testify. If stipulated into evidence, the parties shall present the reports to the Deputy Commissionerjudge of compensation claims to be so marked. The parties shall consider and determine a limitation on the number of expert witnesses»;
(7) ©estimate trial time»; and
(8) ©consider and determine such other matters as may aid in the disposition of the cause.
(b) Notice. The Deputy Commission-egjudge of compensation claims shall give the parties at least 15 days) notice of the pretrial conference. If a party or hfethe party’s attorney fails to attend the conference without good cause, the Deputy Com-missionerjudge of compensation claims may dismiss the claim or strike the defenses, or take such other action as may be authorized by law or these rules. The Bep-uty Commissionerjudge of compensation claims may cancel the pretrial conference upon submission of a written pretrial stipulation. The Deputy Commissionerjudge of compensation claims may conduct the pretrial conference by telephone at the request *434 of any party, or on faisthe judge’s own motion, provided all parties are represented by counsel.
(c) Record. The Deputy Commission-erjudge of compensation claims shall record the pretrial conference by stenographic or electronic means at the request of any party, or by a written stipulation signed by the parties.
(d) Pretrial Order. At the request of any party, the Deputy Commissionerjudge of compensation claims shall promptly enter an order reciting the action taken at the pretrial conference, the amendments allowed to the claims and defenses, and the agreements made by the parties about any of the matters considered, and limiting the issues for trial to those not disposed of by admissions or stipulations of the parties. The Deputy Commissionerjudge of compensation claims shall serve the order upon the attorneys for the parties and upon any party not represented by counsel. The order shall control the subsequent course of the action unless the Deputy Commission-erjudge of compensation claims modifies it to prevent injustice. The order on the pretrial conference may be in letter form unless a formal order is requested by any party.
Committee Notes
1979 Adoption;. This replaces Rrule 10, 1977 W.C.R.P., but is substantially the same.
1984 RevisiomAmendment. Provides that a party has the right to a pretrial conference upon request. Deletes requirement of notice of pretrial by order.
RULE 4.110. PROSECUTION OF CLAÍM BEFORE DEPUTY COMMISSIONER JUDGE OF COMPENSATION CLAIMS
(a) Prosecution of Claim. When a trial has been set by a Deputy Commission-erjudge of compensation claims, all parties shall diligently prosecute and defend the claim. The Deputy CommissionerJudges of compensation claims may cancel or continue a trial on histheir own motion or on the motion of a party if faethey finds that the cancellation or continuance is for good cause which has not resulted from lack of diligence in the prosecution or defense of the claim. A notice of voluntary dismissal is without prejudice, except that a second notice of voluntary dismissal by the Cclaim-ant operates as an adjudication of denial of any claim for the same benefit or benefits previously the subject of a voluntary dismissal.
(b) Dismissal of Claim or Petition. Any claim, or any petition to modify, in which it affirmatively appears that no action has been taken by request for hearing, filing of pleadings, order of Deputy Com-missionerthe judge of compensation claims, payment of compensation, provision of medical care, or otherwise for a period of one year, is subject to dismissal for lack of prosecution. BpeOn motion to dismiss filed by any interested party, or upon request of the Deputy-Gommissionerjudge of compensation claims before whom the action is pending, the file shall be forwarded to the appropriate Deputy--Commission-erjudge of compensation claims who shall dismiss the claim or petition, after service of notice to the parties by regular mailT at their last known addresses? and opportunity for hearing, dismiss the claim or peti-tionj-unless a party shows good cause why the claim or petition should remain pending.
Committee Notes
1979 Adoption;. This replaces Rrule 11, 1977 W.C.R.P.
The 1977 rule was the result of extensive debate and revision, and the committee did not see need for substantial revision.
1980 Amendment;. Deletion of the words “after filing” in Rrule 11(b) allows the dismissal of a state claim after any two year period of inactivity. The change will make this rule consistent with Rrule 1.420(e) of the Florida Rules of Civil Procedure.
1984 RevisiomAmendment.
(a) Conforms workers’ compensation procedure with Florida Rule of Civil Procedure 1.420(a)(1). Voluntary dismissal of the same claim or claim for the same benefits *435 is with prejudice and operates as a denial of the claim for those benefits.
(b) Conforms nonprosecution time period to civil practice period of one year.
RULE 4.111. PROCEEDINGS BY TELEPHONE "
The Deputy Commissionerjudge of compensation claims may conduct any proceeding permitted under these rules or under Cchapter 440, Florida Statutes, by telephone conference provided no live testimony, other than that of an expert witness as defined by the applicable statutes, beis taken without the agreement of all parties and provided a means of recording the proceedings is available if requested by any party.
Committee Notes
1988 Adoption;. This rule is adapted from Rrule 2.071, Florida Rules of Judicial Administration^ to which reference may be made for purposes of construction.
RULE 4.112. EMERGENCY CONFERENCES
The Deputy ■Commissionerjudge of compensation claims may require the appearance of the parties and counsel before him on less than 15 days’ written notice as otherwise required by these rules and by Cchapter 440, Florida Statutes, only to consider the reasonableness and medical necessity of proposed medical treatment wherewhen there is a bona fide emergency involving the health or safety of an employee. The parties may agree to consider other issues at an emergency conference. An emergency conference under this rule shall be advisory in nature, shall not constitute a hearing for any purposej and shall not result in the entry of an order or the rendering of an adjudication by the Deputy Commissionerjudge of compensation claims. No other emergency conference or hearing is permitted by these rules.
Committee Notes
1988 Adoption;. This rule is intended to allow for a compulsory, advisory conference with the deputy commissioner only as to issues relating to the reasonableness and medical necessity of proposed emergency medical treatment.
RULE 4.113. EFFECT OF CONTINUANCES
An agreement by the parties to post-trial proceedings, including the post-trial presentation or submission of evidence, or to a continuance of the trial or the pretrial conference shall constitute a waiver by the parties of the requirements of Ssection 440.2d(3)(a), and Section 440.24(3)(b)440,25, Florida Statutes, as to the timeliness of hearings and the entry of orders.
RULE 4.120. ADMISSIBILITY OF EVIDENCE; PROFFERS; EXHIBITS
(a) Admissibility. Whenever a question of the admissibility of evidence is presented for consideration of the Deputy — Commis-sienerjudge of compensation claims, hethe judge shall promptly rule on it. If an objection is made and not ruled upon by the Deputy Commissionerjudge of compensation claims, the ruling shall be presumed to be adverse to the party making the objection.
(b) Proffers. Evidence which has been offered but ruled inadmissible may be proffered but shall be clearly identified as such by the Deputy Commissionerjudge of compensation claims.
(c) Exhibits. Voluminous or cumbersome exhibits shall not be received in evidence unless their use is unavoidable. The contents of the Ddivision file with respect to a claim shall not be admissible evidence as such, absent the stipulation of all parties, but individual portions of the file may be admitted if admissible under the rules of evidence. Legible copies may be substituted for original documents when reasonably necessary.
Committee Notes
1979 Adoption;. This replaces Rrule 12, 1977 W.C.R.P.
RULE 4.130. AGREEMENTS
No agreement or stipulation shall be valid unless: (1) in writing and signed by the parties or their attorneys, or (2) dictated on the record. Any agreement or stipulation under this rule may be expressly relied on by the Deputy Commissionerjudge of compensation claims in any proceeding, unless a party seeks to be relieved of the agreement or stipulation for good cause shown. The Deputy Commissionerjudge of compen *436 sation claims may abrogate any stipulation which appears to be manifestly contrary to the evidence «pon due notice to the parties; however, the Deputy Commissionerjudge of compensation claims need not inquire beyond the stipulation or agreement.
Committee Notes
1979 Adoption?. This replaces Rrule 123, 1977 W.C.R.P.
RULE 4.131. SETTLEMENT OF PROSPECTIVE BENEFITS
In any proceeding in which the parties undertake to compromise or release the prospective entitlement of the employee to any class of benefits pursuant to Ssection 440.20(12), Florida Statutes:
(a) The parties shall submit their agreement in writing executed by all attorneys of record and by the employee.
(b) The employee shall acknowledge the agreement and its material provisions under oath in writing or before the Dep-aty Commissionerjudge of compensation claims.
(c) An agreement under this rule shall set forth the terms, conditions^ and consideration for the settlement together with all material facts necessary for approval of the settlement pursuant to Ssection 440.-20(12), Florida Statutes.
(d) Prior to the approval of any agreement under this rule, the parties and their attorneys shall submit to the Deputy Com-«rissionerjudge of compensation claims for inclusion in the Ddivision file all evidence in their possession which is material to the consideration and disposition of the settlement agreement.
(e) The order of the Deputy Commission-egjudge of compensation claims approving or disapproving the proposed settlement shall set forth findings of fact and conclusions of law to support the approval or disapproval of the proposed settlement and may be in substantially the form provided in these rules.
Committee Notes
1988 Adoption;. The rule intends to codify and standardize existing practice as to washout settlements. The accompanying forms are substantially those presently in general use.
RULE 4.140. MOTION PRACTICE
(a) Procedural Motions. Any matter relating to procedure or discovery may be raised by motion before the Deputy Com-missionerjudge of compensation claims. The motion shall be filed with the Deputy Commissionerjudge of compensation claims having jurisdiction of the industrial accident, who will promptly hear and decide the issues raised by the motion after giving not less than five5 days’ written notice to all parties. Motions may be heard at any pretrial conference, provided the motion was filed and served not less than five5 days prior to the date of the pretrial conference.
(b) Motions Seeking Affirmative Relief. The Deputy Commissioner may Judges of compensation claims, in histheir discretion, may treat any motion seeking affirmative relief or the adjudication of entitlement to any benefit in the manner provided for a claim for benefits under these rules.
Committee Notes
1988 Adoption;. Subsectiondivision (a) of this rule is intended to create an expedited procedure for the disposition of motions relating to discovery and other preliminary matters not involving the adjudication of issues properly raised by claim or notice of defenses. Subsectiondivision (b) is intended to control the adjudication of substantive motions, such as motions for change of physicians, to suspend the payment or provision of benefit^ and the like.
RULE 4.141. MOTION FOR REHEARING,; VACATING, OR AMENDING ORDER OF DEPUTY COM-MISSIQNERJUDGE OF COMPENSATION CLAIMS; RULE NISI
(a) Rehearing. Any party may file with the Deputy Commissionerjudge of compensation claims a motion for rehearing directed to an order not yet final by operation of Ssection 440.25, Florida Statutes. Such a motion shall state with specificity the grounds on which it is based. The filing of such motion does not toll either the time within which an order becomes final or the time within which an appeal may be filed.
*437 (b) Amending, Vacating Orders. At the Deputy Commissioner’sjudge of compensation claims’ discretion, an order not yet final by operation of Ssection 440.25, Florida Statutes, may be either vacated or amended at either the Deputy-Cemmission-e^judge of compensation claims’ own initiative or pursuant to a motion for rehearing. Grounds for vacating an order may include circumstances in which it appears to the Deputy Commissionerjudge of compensation claims that due consideration of a motion for rehearing may not be practicable within the time remaining under Ssection 440.25, Florida Statutes.
(c) Effect of Appeal. Nothing in this rule shall be construed to interfere with the Deputy Commissioner’sjudge of compensation claims' jurisdiction to either approve of settlements or correct clerical errors, as specified under Rrules 4.160(a) of these rules 4.160(h)(3) and 4.165(g).
(d) Rule Nisi. The Deputy Commissioner-pPursuant to an order of a court having jurisdiction of a proceeding to enforce an order of the Deputy Commissionerjudge of compensation claims, the judge may conduct such hearings, consider such evidence, and enter such orders as may be necessary to determine any specific sums due pursuant to the order which is the subject matter of the rule nisi proceeding.
Committee Notes
1984 Adoption;. This new rule affords parties a rehearing process in response to such First District Court of Appeal pronouncements as are found in Acosta Roofing Company v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981), and Dade American Hospital Supply v. Perez, 417 So.2d 296 (Fla. 1st DCA 1982). Though time for filing appeal is not tolled by the filing of a motion for rehearing, subsectiondivision (b) specifically invites use of a deputy’s power to vacate as a means of affording the parities additional time for processing a motion for rehearing where circumstances warrant. This flexible process was deemed preferable to the tolling of the appellate filing period in every case of motion for rehearing.
Subsectiondivision (b) codifies the long established practice in workers’ compensation litigation,: A Ddeputy Ccommissioner retains jurisdiction over an order that has not yet become final. The rule implicitly adopts the majority view in Drexel Properties, Inc. v. Brown, 443 So.2d 150 (Fla. 1st DCA 1983), giving the Ddeputy Ccommis-sioner wide latitude in determining whether to amend or vacate an order.
RULE 4.150. SANCTIONS
Failure to comply with the provisions of these rules or any order of the Deputy Commissionerjudge of compensation claims may subject a party to reprimand, striking of briefs or pleadings, denial of oral argument, dismissal of proceedings, imposition of costs, attorney⅛ fees,, or such other sanctions as the Deputy Commissioner judge of compensation claims shall deem appropriate.
Committee Notes
1979 Adoption;. This is new in W.C.R.P. It is derived from Florida, Rule, of App,el-late Procedure 9.410, 1979.
PART B. APPELLATE PROCEEDINGS
RULE 4.160, APPELLATE REVIEW JURISDICTION
(a) — Notice-of Appeal..Notice-of-appeal of an order of a Deputy Commissioner shall be filed with any Deputy Commissioner or with the First District ■ Court of Appeal within 30 days of the date copies of the Deputy Commissioner’s order were mailed to the parties, — Notice of appeal shall contain a certifieate-of-appellant (or cross-appellant)--or counsel setting out the periods and ■classifications.of benefits and medical treatment affected by the appeal, Appellant shall file the-original and-one copy of the notice,- accompanied by a filing fee in the amount prescribed by law- or- by rule of court, by check or- money order, payable to the clerk of the district court. Jurisdiction of the district-court is invoked as-of-the date of filing-of the notice of appeal with any Deputy-Commissioner or the clerk of the First-District Court of Appeal, — The Deputy Commissioner shall *438 have jurisdiction for the purpose of approving settlements or correcting clerical errors in the order appealed at any time prior to the filing of the record on appeal in the First District Court of Appeal. The Deputy Commissioner shall have jurisdiction to determine whether there has been an abandonment under-Rule 4,161.
(b) — Transmittal of Notice. Upon filing of a notice of appeal, the deputy shall forthwith transmit the filing fee and a certified-copy of the notice showing the date of filing to the Clerky-and if he is not the Deputy who entered-the order on appeal, he shall forthwith-forward to the Deputy whose order is-on appeal, a copy of the transmittal letter to the- Clerk. A certified copy -of the order appealed shall be attached to, and transmitted with the notice of appeal to the clerk.
(e) — Form of Notice. — Notice of appeal shall be as follows;
[[Image here]]
(d) Cross-Appeal. — Any appellee who desires-to review an adverse ruling of the deputy shall file a cross-appeal with any Deputy within 10 days of service- of notice of appeal, or-within 30 days of the mailing-of the order to be reviewed, whichever is later. — Notice of cross-appeal shall contain a certificate of cross-appellant or counsel setting out-the-periods and classifications of benefits and-medical treatment affected by the appeal. -The form shall be substantially as provided by (c) of this-rule. — Ne filing fee shall be required for- a cross-appeal.
(e) Assignments of Error. — There shall be no assignments or cross-assignments of error.
(£) Proof of-Service. A copy of- notices of appeal and cross-appeal shall be served on-all interested parties and proof of service thereof shall accompany such notices when filed.
(a) Jurisdiction of District Court. The district court may review by appeal any final order of a judge.
(b) Discretionary Jurisdiction. The district court also may review any nonfinal order of a judge that adjudicates the following:
(1) Jurisdiction.
(¾ Venue.
*439 (3) Compensability of accidents or occupational diseases.
(4) Insurance coverage.
(5) Discovery matters when it appears the judge’s order will cause a party irreparable harm and there is no adequate remedy at law to rectify such harm.
(c) Commencement. Jurisdiction of the district court shall be invoked by filing a notice of appeal under these rules within 30 days after the order to be reviewed is mailed to the parties.
(d) Record: Review. Unless ordered by the district court, the record on appeal of a nonfinal order shall be limited to those items set forth in rule 4.180(b).
(e) Briefs: Discretionary Review. The appellant’s initial brief in an appeal of a nonfinal order, accompanied by an appendix as prescribed by rule 4.180(b)(2), shall be filed with the notice of appeal.
(f) Jurisdiction of Judge Divested. Except as provided for in these rules, the judge shall have no further jurisdiction over issues raised in the appeal.
(g) Jurisdiction of Judge: Issues Not Affected. While on appeal, the judge retains jurisdiction to adjudicate the issues of a claim that have not been appealed.
(h) Jurisdiction of Judge. During the pendency of an appeal, the judge retains jurisdiction to:
(1) supervise the preparation of the record on appeal, including the costs of preparation;
(2) grant extensions of time for filing the record as allowed under these rules;
(3) correct clerical errors at any time before the record is filed with the district court; and
(4) determine if appellate issues have been abandoned.
(i) Discretionary Divestment by District Court. In cases in which the judge no longer has jurisdiction, the district court may permit the judge to proceed to adjudicate specifically designated matters.
(j) Discretionary Divestment to Consider Settlement.
(1) Investigation. On stipulation of the parties, the judge may investigate the efficacy of a proposed settlement, either in whole or in part, of issues on appeal.
(2) Remand by District Court. On joint motion of the parties stating that a settlement has been reached, the district court may remand the cause to the judge for entry of an appropriate order.
(3) Costs. Any order approving a settlement shall provide where appropriate for the assessment and recovery of appellate costs including any costs incurred by the division for insolvent appellants.
(k) Concurrent Jurisdiction. Before the record on appeal is transmitted to the district court, the judge and the district court have concurrent jurisdiction to enter orders on procedural matters.
Committee Notes
1979 Adoptiom. This replaces Rrule 14, 1977 W.C.R.P. ft derives, in part, from ^section 440.25(4)(f), Florida* Statutes (1979); and Rrules 9.040(g), 9.110(b), and 9.900, Florida Rules of Appellate Proce-dure7 (1979). The appeal period is extended from 20 days to 30 days, and assignment of error(s) is eliminated.
1980 Amendments. The Rules Committee of the Workers’ Compensation Section of the Bar is in agreement with conforming workers’ compensation appellate procedures with appellate procedures involving other litigation, whenever possible. In all instances in which a conformed procedure is possible no special rules should exist. However, in some regards workers’ compensation cases are unique, and this uniqueness generates special needs for workers’ compensation appeals not present in appeals involving other litigation. One of these is a need for the parties and the Ccourts to know precisely what is on appeal in a workers’ compensation case so *440 that those issues not on appeal may be determined in separate proceedings, those pursuant to Rrule 20 (relating to proceedings before the ©deputy in regard to matters over which jurisdiction has not been divested by the filing of an appeal). The information concerning what is on appeal is necessary to avoid delay in the delivery of uncontested (on appeal) benefits to the claimant.
Workers’ compensation cases, of necessity, are taken up piecemeal. A workers’ compensation case requires this treatment because the various entitlements of the claimant (which generate potential issues to be heard by the ©deputy ©commissioner) mature at different times as the course of the claimant’s physical recovery progresses. A workers’ compensation case, unlike other personal injury litigation, can engender successive issues as to medical treatment, the entitlement to temporary disability benefits, the entitlement to permanent disability benefits, as well as ancillary issues of penalties, costs, attorney fees and some other rather exotic issues. These can result in successive hearings and successive orders which are all equally final, and all equally appealable. This is not only necessitated by the nature of a workers’ compensation case but also is required by the Sstatute and the existing rules which allow claims and trials of only the matured issues. (See in this regard ©Sr section 440.25, Florida Statutes, and existing Workers’ Compensation Rule of Procedure 7.) This of course is different from other sorts of personal injury litigation in which the matter is tried at one time, and all issues are presented. For other sorts of litigation, the notice of appeal currently found in Rrule 16 is sufficient. The parties know what is being appealed, and even if they don’t, it makes little difference since no additional trials are contemplated.
The special need of the parties and the ©courts involved in a workers’ compensation case to know what is on appeal, and what jurisdiction the ©deputy ©commissioner retains, was formerly met by the Application for Rreview requirements for appeals to the Industrial Relations Commission. This requirement was done away with by the current Rrule 16, after the Industrial Relations Commission was abolished by Sstatute.
The Rules Committee of the Workers’ Compensation Section does not recommend reinstituting the Application for Rreview procedure to delineate the issues on appeal. However, it is suggested that certain changes be made in the existing Rrule 16 in recognition of the special need in workers’ compensation cases of an expeditious means of determination of just where it is that jurisdiction lies. As the rule now stands, between the date of the filing of the notice of appeal and the date of the filing of the record on appeal, the ©first ©district has nothing which would allow it to make such a determination. For this reason, it is suggested that a certified copy of the order appealed should be attached to and transmitted with the notice of appeal, and that the notice itself advise the ©court of the date of accident in question. The Ssection further suggests a certificate of the appellant setting out which benefits will be affected by the issues on appeal, so that the ©deputy can determine whether he has jurisdiction to proceed in regard to other benefits. The certificate does not require a pleading of the issues on appeal, but rather only requires a certification of which benefits will be affected. It is felt that such an amendment to the rule will do much to avoid confusion and delay in determining the threshold question of the ©deputy’s jurisdiction.
1984 Revision; Amendment. Provides that both the ©district ©court of Aappeal and the ©deputy may accept notices of appeal.
Jurisdiction before the filing of the record on appeal is retained by the ©deputy in regard to certain administrative tasks and no remand of jurisdiction from the ©district ©court is necessary.
The final sentence of sub-sectiondivision (a) complements the new Rrule 4.161, and is intended to avoid possible confusion over jurisdiction to determine whether there has been an “abandonment” in what are presumed by the committee to be those rare *441 circumstances in which “abandonment” is not plainly apparent.
1992 Amendment. This rule combines prior rules 4.160, 4.200, and 4.210 to follow the form of the Florida Rules of Appellate Procedure.
Subdivision (b) is derived from Florida Rule of Appellate Procedure 9.130.
Subdivision (e) duplicates rule 4.220(b) and is similar to Florida Rule of Appellate Procedure 9.130(e).
Subdivision (f) is from former rule 4.210(a).
Subdivision (g) is from former rule 4.200(b)(3).
Subdivision (h) is from former rule 4.210(a).
Subdivision (i) is from former rule 4.200(b)(2).
Subdivision (j) is from former rule 4.210(b), (c), and (d).
Subdivision (k) is similar to former rule 4.200(a).
RULE 4.161. EFFECT OF APPEAL ON BENEFITS AWARDED
(a) Benefits — Unaffected—By—Appeal. Benefits ordered paid and-not certified by appellant (or cross-appellant) to be affected by appeal under Rule -4rl60(a) of these rules are governed by Section 440,20, Florida Statutes.
(b) Benefits Affected By-Appeal. Benefits ordered paid-which are certified under Rule 4.160(a)-of-theBe rules by appellant (or cross-appellant) as being affected by the appeal-may-be--withheld pending outcome of the appeal under the authority of Section 440,20, Florida Statutes, unless the appellant’s (or cross-appellant’s) challenge to-the-award of any such benefits so certified is deemed abandoned as provided-by subsection (c)-of this rule.
(c) Abandonment. — Any—challenge—to benefits certified-as affected by appeal-under Rule 4.160(a) of these- rules, but not raised, argued or encompassed in- appellant’s (or cross-appellant’s) initial brief-, shall be deemed-abandoned by the appellant (or cross-appellant).
(d) Payment -of Benefits Where Challenge Is Abandoned. Where-any certification affecting benefits challenged on appeal under Rule — 4.160(a) of these rules is deemed abandoned under subsection (c) of this rule, benefits no longer affected by-the appeal are payable and due within 30 days of service of the initial brief deemed to have abandoned the challenge to benefits previously certified as-affected-by-appealT together with interest, as provided under Section-440.20 Florida Statutes, from the date of entry of the Deputy-s-order-making the award.
(e) Payment of Benefits After Unsuccessful Appeal. — Benefits—ordered paid which have been certified as being affected by appeal pursuant to Rule 4.160(a) of these rules and withheld pending outcome of appeal become due and payable if appeal is unsuccessful--with-respect to any such withheld-benefits, within 30 days of the issuance of the district court’s mandate unless stay is obtained,-pureuant-to-review sought with-the-Florida Supreme Court, in which-case benefits become due, if such review is unsuccessful, within.30.days-of the Supreme Court's final-disposition of the cause, -together with interest as provided under Section — 440.20,—Florida -Statutes, from the date of entry of- the-Deputy order-making the award,
(a) Benefits Affected. Those benefits specifically referenced under rule 4.165(c) shall be withheld pending the outcome of the appeal. Otherwise, benefits awarded shall be paid as required by law.
(b) Abandonment. If the appellant or cross-appellant fails to argue entitlement to benefits set forth in the notice of appeal in the appellant’s or cross-appellant’s initial brief, the challenge to such benefits shall be deemed abandoned.
(c) Payments of Benefits when Challenged Benefits are Abandoned. When benefits challenged on appeal have been abandoned under subdivision (b) above, benefits no longer affected by the appeal are payable within 30 days of the service of the brief together with interest as required under section 440.20, Florida Statutes, *442 from the date of the order of the judge of compensation claims making the award.
(d) Payment of Benefits after Appeal. If benefits are ordered paid by the district court on completion of the appeal, they shall be paid, together with interest as required under section 440.20, Florida Statutes, within 30 days after the court’s mandate. If the order of the district court is appealed to the supreme court, benefits determined due by the district court may be stayed in accordance with the applicable Florida Rules of Appellate Procedure-Benefits ordered paid by the supreme court shall be paid within 30 days of the court’s mandate.
Committee Notes
1984 Adoption;. This comprehensive new rule is intended by the rules committee to clarify within the context of existing authority the status of benefits ordered paid where an appeal is taken, which may or may not have an impact on all benefits awarded, from inception through final disposition of appeal.
The rule codifies authority to the effect benefits certified as being challenged on appeal may be withheld pending disposition on appeal, provided, however, the appellant may either relinquish or forfeit this privilege by abandoning a contemplated challenge to benefits awarded. There are two consequences of an abandonment during the pendency of an appeal with respect to any benefit previously certified as affected by appeal. First, payment of the previously challenged award becomes due under the time table specified under subsectiondivision (d) of this rule. The second consequence is jurisdiction reverts back to the ©deputy ©commissioner under Rrule 4.200(b)(3) (formerly Rule 20) over any matter no longer encompassed by an appeal where jurisdiction would otherwise have been suspended by operation of the certification previously in force.
Subsectiondivision (c) defines abandonment. Counsel are encouraged to utilize this procedure [which complements the “certification” process of Rrule 4.160(a) (formerly Rrule 16) ] as a means of withdrawing an issue from contention and of expediting payment of benefits during the pendency of an appeal where further reflection (often aided by study of the record on appeal) suggests that an award originally thought to be erroneous may not be reversible as a practical matter.
The language “not raised, argued or encompassed” in appellant’s initial brief is broad so as to avoid dispute in cases where an award may be “encompassed” by an argument (such as the award of an expert witness fee in appeal directed to the threshold issue of “course of employment”). Obviously, the better practice is to be as explicit as practicable so as to avoid dispute. The ©deputy does retain jurisdiction under Rrule 4.160(a) to make a determination as to whether or not there has been an abandonment, in those unique instances in which the parties cannot otherwise agree.
Though not specifically encompassed by the rule, it is the committee’s belief that a full voluntary dismissal of appeal, implicitly permissible in workers’ compensation appeals, would, with respect to status and time for payment of benefits withheld pending appeal, operate effectively as an “abandonment” under this rule.
Subsectiondivision (d) clarifies the time within which payments are to be made following either an abandonment or unsuccessful disposition of appeal. As in all other cases, enforcement in case of default is governed by section 440.24, Florida Statutes.
1992 Amendment. Rule 4.161(b). As envisioned by the committee, if an appellant or cross-appellant failed to assert an argument in support of a particular class or time period of benefits previously referenced in the notice of appeal, the issue involving entitlement shall be deemed abandoned. The party asserting abandonment should file a motion with the judge who originally heard the case and has specific authority under rule 4.160(h)(4) to determine whether an issue affecting benefits has been abandoned.
*443 RULE 4.165. NOTICE OF APPEAL
(a)Procedure. An order of a judge of compensation claims may be appealed to the district court by filing a written notice of appeal with the district court or with any judge of compensation claims within 30 days from the date the judge’s order is mailed to the parties. If the notice is filed with the district court, a copy shall be served on the judge who entered the order.
(b) Insolvency: Notice to Division. If a party seeks relief of any appellate costs due to insolvency, a copy of the notice and verified petition of insolvency shall be mailed to the division and to the general counsel for the department.
(c) Contents of Notice. In addition to a reference to the order appealed, the notice shall contain a brief summary of the type of benefits affected including a statement setting forth the time periods involved.
[[Image here]]
(e) Filing Fee. The notice of appeal shall be accompanied by an appropriate filing fee as set by law unless relief is sought under rule 4.180(g) and section 57.081(1), Florida Statutes.
(f) Transmittal of Notice and Fee. If the notice is filed with a judge, the judge shall transmit a certified copy of the notice and filing fee to the clerk of the district court. If the judge transmitting the notice is not the judge who entered the order appealed, a copy of the notice of appeal shall be forwarded to the judge who signed the order appealed.
(g)Jurisdiction. The district court acquires jurisdiction when the notice of appeal is filed. However, at any time before the record on appeal is filed with the district court under rule 4.180(i), the judge *444 also shall have the authority to approve settlements or correct clerical errors in the order appealed. The judge also shall have the authority to determine if an issue has been abandoned under rule 4.161(b).
(h) Cross-Appeal. Notice of cross-appeal shall be filed with any judge within 10 days of service of the notice of appeal or within 30 days after mailing of the order to be reviewed, whichever is later. The notice of cross-appeal shall be substantially the same as set forth in these rules. No filing fee shall be required for a cross-appeal.
(i) Assignments of Error. There shall be no assignment or cross-assignment of error.
(j) Proof of Service. A copy of the notice of appeal or cross-appeal shall be served on all interested parties.
Committee Notes
1992 Adoption. Rule 4.165(d). The list of benefits set forth in the Notice of Appeal form is illustrative and not intended to be comprehensive. The primary purpose of requiring a list of benefits in dispute on appeal is to allow for a clear determination of what has been abandoned under rule 4.161(b). Note that abandonment can apply to issues raised in a cross-appeal. RULE 4.166. INTERVENTION BY DIVISION
(a) Notice and Order to Division and General Counsel. The judge of compensation claims shall send a copy of the notice and a certified copy of the order to the division and to the general counsel for the department.
(b) Intervention by Division: District Court. Within 30 days from the filing of the notice of appeal, or at any time the district court may specifically require, the division may intervene and take positions on any relevant matters.
(c) Intervention by Division: Supreme Court. If an order of the district court is appealed to the supreme court, the division may intervene in accordance with the applicable Florida Rules of Appellate Procedure. The clerk of the supreme court shall provide a copy of the notice of appeal to the division.
(d)Division Not a Party Until Motion to Intervene is Granted. Until the motion to intervene is granted, the division shall not be considered a party.
RULE 4.170. APPROVAL- OF APPEAL BONDS
Any employer required to file a superse-deas bond in an appeal shall-file the bond with the deputy who shall promptly serve notice on each party of-the approval or disapproval of the bond. A notice of disapproval shall include the reasons for-the disapproval, A party whose bond is disapproved is allowed 10 days from service of notice of disapproval to comply with the objections contained in the notice of disapproval, — The bond shall be conditioned to pay the amount-of the demand, interest, penalties, and costs payable under -tho terms of the order, if the appeal shall be dismissed or the District Court shall affirm the award in any amount, Failure to file-a required bond or to comply with objections contained in a notice of disapproval within the-time allowed shall be grounds for dismissal of the appeal,
(a) Authority. When required by statute, the judge of compensation claims, the district court of appeal, or the supreme court shall fix the terms and conditions of a good and sufficient appellate bond.
(b) Bond Defined. A good and sufficient bond is defined as a bond issued by a surety company authorized to do business in Florida or a principal and 2 personal sureties.
(c) Condition. The bond shall be conditioned to pay the compensation ordered by the judge or district court including interest, penalties, costs, and fees. The bond also shall provide that the surety company or principal and personal sureties shall submit themselves to the jurisdiction of the judge and appropriate reviewing body.
(d) Notice of Disapproval. If a bond is disapproved, the judge, district court, or supreme court shall provide written notice of disapproval, which shall include specific reasons for rejecting the bond. A party whose bond is disapproved shall have 10 *445 days from the service of the notice to comply with objections contained in the notice of disapproval.
(e) Failure to Provide Bond. Failure to provide the required bond or comply with objections contained in the notice of disapproval within the time allowed herein shall be grounds for dismissal of the appeal.
(f) Review. Orders entered under this rule by the judge shall be subject to review by the district court. District court orders under this rule are subject to review by the supreme court.
Committee Notes
1979 Adoption;. This replaces Srule 15, 1977 W.C.R.P. ^Sections 440.27(2) and ⅜ 440.25(4)(a), Fla.Stat.,Florida Statutes (1979), were the statutory foundations through September 30, 1979.
RULE 4.180. RECORD ON APPEAL
(a) — What Constitutes.
(1) The record on appeal shall contain the claim, notice to controvert, pretrial order and-stipulation, transcript -of-proceedings before the Deputy, and-order on appeal. The record also shall contain, by designation-of — a—partyv-such other orders and pleadings as are- necessary-for- the - court’s determination of the appeal. — Only such exhibits, depositions,-and-physical-evidence as-are-introduced into evidence before the Deputy )-designated-by-the-parties-for-inclusion,-and necessary for the court’s determi-natien-ef- the appeal shall be included, — If the order appealed requires consideration by-the-Court of matters which have not been-admitted-as-evidence, sach-mater-ialas is necessary to the-Cour-Rs-determination shall be included by designation. Evidence proffered, but not admitted into evidence by the deputy,-shall not be included in the record unless its-admissibiiity is an issue on appeal and-it-is-designated for inclusion by one of the parties,
(2) The record on-appeal-from-a non-final order shall consist of the order on appeal and only such material, designated by the parties, as is necessary for the court’s determination of the appeal.
(3) Designation shall be filed with the Deputy-and served by appellant within 10 days, and by appellee within-20-days, of service of notice of appeal.
(4)The Deputy-shall-certify the record as constituting the-appellate record in the proceedings.
(b)- Abbreviated — Record.—Within—the time provlded-for- filing the notice of appeal, the appellant-may-file designations to the deputy identifying those portions of the proceedings-and-evidence appellant wishes to have omitted as unnecessary from the record on appeal. Appellant or-crossappel-lant shall serve a copy of the designation, a statement -of the issues on appeal, and proof-of-serv-ice -thereof, on each opposing party. — Within 10 days after — service of designations, each opposing party may file cross-designations identifying any parts of the omitted record deemed necessary and they shall be included — in- -the record on appeal. — Each opposing party shall serve a copy- of-those cross-designations, and in the case of a cross-appeal, a statement of issues on cross-appeal, together with proof of-serv-ice-thereof-,- on each - other opposing party.
(c) Stipulated Record. When the issues on-appeal-can-be-determined — without - an examination of the entire proceedings in the cause, the parties may prepare a stipulated statement-showing how the issues to be presented arose and were decided by the deputy, setting forth or attaching as much of the-record-before-the-deputy-a&js-neces-sary te a -determination-of-the-issues-by-the Districf-Courf — -A stipulated statement and a copy of the deputy’s order then-may be certified by the deputy as the record on appeal.
(d) Incomplete Record. — If the District Court of its own motion or on motion of any- party -finds-the-r-ecord-is incomplete, it shall direct a party to supply the-omitted parts of the record. — No-proceeding-shall be determined-because-the-record-is-incem-plete-until-an-opportunity to supplement the record has ■ been-given,
(e) Costs. — Within 5 days after the-content-of-the record on appeal has been determined, the deputy shall serve notice upon the appellant or his attorney-of the estimat *446 ed cost of preparing the record on appeal and necessary copies thereof and the-appellant shall)-witfain 15 days of the date of service, deposit the amount of the estimated cost of preparing the record at the office of the deputy. — If the appellant fails to deposit the amount of cost -within the time allotted, the deputy shall promptly notify the-District Court of such failure and the District Court may dismiss the notice of appeal, — However, neither the division, nor the Special Disability Trust Fund, nor any self-insured state- agency shall be required to-make the deposit.
(f)Relief from Costs.
(1) An appellant may be relieved from payment of any necessary filing fee by filing a Verified Petition of Indigency for approval as provided in Section 57.081(1), Florida Statutes.
(2)- An appellant may be-relieved in-part or in-whole from the costs for-the preparation of the record on appeal,-if within 15 days- after the date notice of the estimated costs for the preparation is served, he files with-the Deputy a verified petition to be relieved of costs, — The verified petition for record costs shall contain a-detailed and swor-n statement-of all his-assets, liabilities, and income, — Appellant’s attorney or the appellant, if net-represented by an attorney, shall include as a part of- the verified petition for record costs an affidavit or affirmation that in his opinion the notice of appeal was filed- in good-faith and-that there is a probable basis for-the District Court to find reversible error, — A copy of the verified petition for record costs shall be-served on the Division in- Tallahassee and all other interested parties, and the Clerk. The Deputy shall promptly conduct a hearing on the verified petition giving at least 15 days notice to the-appellant,-the Division, and all other interested partiesj which shall all be parties to the proceeding. The Deputy may- enter an order without such-hearing if no objection is filed by the Division or an interested party within — 12 days-from the date the verified petition for record costs is -filed. — Said- proceedings shall be conducted in accordance with the Workers’ Compensation Rules of Procedure to-the extent applicable. — The-60-day period for the preparation and filing of the record on-appeal andrin the case-of-a denial of said petition, the 15-day period-for depositing — the amount of record costs required, will then commence when the Deputy’s order- thereon-has- become-final (with an information copy provided to the Division and-the District Court). — I-n-the event an insolvency petition is granted, the Deputy may provide for payment of the- record costs from the Workers’ Compensation Administration Trust Fund pending final disposition of- the costs of-appeal by-a-court or Deputy Commissioner.
(g) Preparation -of-Record. — Upon direction from the Deputy, the court-r-eporter who stenographically-reported the-proceedings, or — a transcriber designated — by the deputy, shall transcribe, prepare, certify, and deliver to the deputy a record-on appeal prepared in accordance with this rule. The court reporter or transcriber shall deliver the record on appeal to the Deputy in sufficient-time to allow review-and-certification-by-the deputy and timely-filing with the District Court. — The court-reporter or transcriber shall promptly notify the parties in-writing of the date of such delivery. The Deputy or the District Court may, of its own-motion, or — on-motion of a party, secure compliance with this section by invoking — the sanction powers -provided by law.
(h) Format. — The record on appeal shall be bound and securely fastened-in-one or more volumes containing no more than 200 pages-per-volume.- -The pages of the record shall-be-numbered consecutively, and each volume shall include a^cover page, the volume number, and a complete index containing the names of the-witnesses, a list of exhibits-offered and introduced in evidence, including the pages where offer-ed and where each may be found. — Volume one shall include a complete index of the entire record on-appeal. - Proffered evidence, subject to (a) above, shall-be clearly-identified and located in a separate section-of the record on-appeal.
(i) Time to File. — The appellant shall, pursuant to the directions of the-Deputy, *447 have the original-or a copy of the record on appeal filed with the District Court within 60 days-from the date of filing of the notice of appeal, unless the Deputy Commissioner for good cause shown -by-petition filed prior to-the-expiration of said period, and after notice and opportunity for hearing, shall extend the time therefor. — The appellant shall have a copy of the record on appeal served on each-party or its attorney) and shall have a certificate-of-such service filed with the-record on appeal when filed with the District Court. — Unless the nature-of the litigation dictates otherwise, service of a copy of the record on appeal on any one of the following; (1) the employerr(2)-attor-ney- for employer-, -(■3)--the-carrier or servicing-agent) (4) attorney for carrier or servicing agent shall be service of a copy of the record on appeal on the employer and carrier*
(a) Contents: Final Orders.
(1) Transcript, Order, and Other Documents. The record shall contain the claim, notice(s) to controvert, pretrial stipulation, pretrial order, transcripts of any hearings before the judge of compensation claims, and the order appealed. By designation of the parties, the record also shall contain such other exhibits, orders, depositions, transcripts, and physical evidence introduced into evidence at the hearing. The district court may consider matters not introduced into evidence if it is necessary for the determination of the issues on appeal. Evidence proffered but not introduced into evidence at the hearing shall not be considered unless its admissibility is an issue on appeal and the question is properly designated for inclusion in the record by a party.
(2) Designated Matters. Within 10 days from the date the notice of appeal is filed, the appellant shall designate in writing what matters are to be included in the record on appeal and certify a copy of such designation to appellee. The judge may for good cause extend the time for filing the designation. Within 10 days after service of the appellant’s designation but no later than 20 days after filing of the notice of appeal, the appellee shall designate in writing additional matters to be included in the record on appeal. Any extension of time given the appellant shall automatically extend the time to file the appellee’s designation.
(3)Certification and Transmittal. The judge shall certify and transmit the record to the district court as prescribed by these rules.
(⅛) Contents: Nonfinal Orders.
(1) Order. The record shall contain the order on appeal and such other items essential to the district court’s determination of the appeal.
(2) Brief and Appendix. The petitioner/appellant shall file the initial brief along with an appendix containing the items set forth in subdivision (b)(1), above, with the notice of appeal.
(3) Response: Answer Brief. Within 20 days from the service of the notice of appeal of a nonfinal order and the initial brief, the respondent/appellee may file an answer brief and designate such other items considered essential to the court’s determination of the appeal. A copy of the answer brief and designated items shall be served on the petitioner/appellant.
(c) Abbreviated Record.
(1) Authority. A party may omit unnecessary items from the record on appeal.
(2) Designation. The appellant (cross-appellant) shall designate those items deemed necessary. Such designation along with a statement of the issues on appeal shall be filed with the notice of appeal. A copy of the designation and the statement of the issues on appeal shall be served on all parties.
(3) Cross-Designations. Within 10 days after service of the appellant’s designation and statement of issues, each opposing party may file cross-designations of items deemed necessary.
(4) Cross-Appeal. In the case of a cross-appeal, the cross-appellant shall file the cross-designation of necessary items and the statement of issues on cross-appeal with the notice of cross-appeal.
*448 (d) Stipulated Record. The parties may stipulate to the contents of the record. In such a case the record shall consist of the stipulated statement and the order appealed which the judge shall certify as the record on appeal.
(e) Incomplete Record. If the district court determines the record is incomplete, it may direct the parties to provide the omitted parts. In that case, the appeal shall not be decided until the omitted parts are supplied.
(f) Costs.
(1) Notice of Estimated Costs. Within 5 days after the contents of the record have been determined under these rules, the judge shall notify the appellant of the estimated cost of preparing the record.
(2) Deposit of Estimated Costs. Within 15 days after the notice of estimated costs is served, the appellant shall deposit a sum of money equal to the estimated costs with the judge.
(3) Failure to Deposit Costs. If the appellant fails to deposit the estimated costs within the time prescribed, the judge shall notify the district court, which may dismiss the appeal.
(4) State Agencies: Waiver of Costs. Any self-insured state agency, including the Division of Workers’ Compensation or the Special Disability Trust Fund, need not deposit the estimated costs.
(g) Relief From Filing Fees and Costs: Indigency.
(1) Filing Fee. An appellant may be relieved of paying the filing fee by submitting a verified petition of indigency under section 57.081(1), Florida Statutes, with the notice of appeal.
(2) Costs of Preparation of Record.
(A) Authority. An appellant also may be relieved in whole or in part from the costs of the preparation of the record on appeal by filing with the judge a verified petition to be relieved of such costs.
(B) Time. The verified petition to be relieved of costs must be filed within 15 days after service of the notice of estimated costs.
(C) Verified Petition: Contents. The verified petition to be relieved of costs shall include the appellant’s sworn financial statement listing his or her income, expenses, assets, and liabilities. The petition also shall include a statement by the appellant’s attorney or the appellant, if not represented by an attorney, that the appeal was filed in good faith and the district court could reasonably find reversible error in the record.
(D) Verified Petition: Service. The appellant shall serve a copy of the verified petition on the division, the office of general counsel of the department, the clerk of the, district court, and all parties.
(E) Hearing on Petition to be Relieved of Costs. After giving 15 days’ notice to the division and all parties, the judge shall promptly hold a hearing and rule on the merits of the petition to be relieved of costs. However, if no objection to the petition is filed by the division or a party within 12 days after the petition is filed, the judge may enter an order on the merits of the petition without a hearing.
(F) Extension of Appeal Deadlines: Petition Granted. If the petition to be relieved of the entire cost of the preparation of the record on appeal is granted, the 60-day period allowed under these rules for the preparation of the record shall begin to run from the date of the order granting the petition.
(G) Extension of Appeal Deadlines: Petition Denied. If the petition to be relieved of the cost of the record is denied or only granted in part, the petitioner shall deposit the estimated costs with the judge within 15 days from the date the order denying the petition is entered. The 60-day period allowed under these rules for the preparation of the record shall begin from the date the estimated cost is deposited with the judge.
(H) Payment of Cost for Preparation of Record by Administration Trust Fund. If the petition to be relieved of costs is granted, the judge may order the Workers’ Compensation Administration Trust Fund to pay the cost of the preparation of the *449 record on appeal pending the final disposition of the appeal.
(I)Reimbursement of Administration Trust Fund If Appeal Is Successful. If the Administration Trust Fund has paid the costs of the preparation of the record and the appellant prevails at the conclusion of the appeal, the appellee shall reimburse the Fund the costs paid within 30 days of the mandate issued by the district court or supreme court under these rules.
(h) Preparation of Record.
(1) Selection of Reporter by Judge. The judge shall supervise the preparation of the record. The judge or chief judge shall select the reporter or transcriber to prepare the record. The judge shall give the parties notice of the selection.
(2) Objection to Reporter or Transcriber Selected. Any party may object to the reporter or transcriber selected by filing written objections with the judge within 10 days after receiving notice of the selection. Within 5 days after filing the objection, the judge shall hold a hearing on the issue. In such a case, the time limits mandated by these rules shall be appropriately extended.
(3) Certification of Record by Court Reporter or Transcriber. The reporter or transcriber designated by the judge or chief judge shall transcribe, certify, and deliver the record to the judge as required under these rules. The record shall be delivered in sufficient time for the judge to review the record and send it to the district court. The reporter or transcriber shall promptly notify all parties in writing when the record is delivered to the judge.
(4) Format. The record shall be securely bound in one or more volumes not to exceed 200 pages each. Each volume shall include a cover page, a complete index containing the names of the witnesses, and a list of exhibits admitted into evidence. Each page of the record shall be numbered consecutively. Volume one shall contain a complete index of the entire record. If designated under subdivision (a)(1) of this rule, proffered evidence shall be clearly identified and located in a separate section of the record.
(5)Certification by Judge. The judge shall review the record and certify that it was prepared in accordance with these rules.
(i)Time to File and Extensions.
(1) Time to File. Within 60 days after the notice of appeal is filed, the appellant shall file the record with the district court.
(2) Extensions. For good cause, the judge may extend the time for filing the record with the district court.
(3) Copies Served on Parties. The appellant shall serve a copy of the record on all parties. However, unless the nature of the litigation dictates otherwise, the appellant may serve the employer, carrier, or servicing agent by serving its attorney of record. If the employer, carrier, or servicing agent is not represented by an attorney, the appellant need only serve the employer or the carrier, or the servicing agent.
Committee Notes
1979 Adoptiom. This replaces Rrule 16, 1977 W.C.R.P. The subsection applicable to non-finalnonfinal orders is new. The earlier rule provided designations for the purpose of excluding portions of the proceedings-^-, — t. This rule reverses that concept, and one must now designate those portions of the proceedings which are to be included.
1980 Amendments. 18. (a) This change is intended to conform the rules to the legislative mandate (or comport with the legislative intent) set out in Bisection 440.29(2), Florida Statutes, which requires hearings before the ©deputy ©commissioner to be reported and authorizes the ©division to contract for the reporting of the hearing. Current practice and procedure is apparently inconsistent, with some districts employing court reporters and others not. The Rules Committee of the Workers’ Compensation Section has been advised of several instances in which the record on appeal has been inadequate for purposes of deciding the appeal, resulting in some cases in irreparable damage and, in others, of unnecessary expense involving de novo proceedings. [The amendment described here *450 in was deleted upon rehearing in order of December 19, 1980.]
18. (f) The changes are intended to relieve the insolvent appellant of the costs of the newly imposed filing fee for the appeal to the First District Court of Appeal. There previously was no filing fee to the Industrial Relations Commission and no reason to provide for relief from that cost. Since the division bears the cost of the preparation of the record in cases of total or partial insolvency of the appellant, it should also bear the cost of the filing of the appeal.
18. (i) The change in subparagraphdivision (i) provides that the Bdeputy Gcommis-sioner, who still has physical possession of the file and can more easily handle the ministerial duties involving the record, should deal with any extensions required for filing the record.
1984 Revision; Amendment. 18(a)(1) Redundant language deleted. Earlier language in 18(a)(1) discusses what is to be included in the record.
18(f)(1) (New) Conforms Workers’ Compensation to general appellate practice, implementing section 47.081(1), Florida Statutes.
18(f)(d2) (Newly Numbered) Clarifies language in conformity with Florida Workers’ Compensation Rules of Procedure 18(f)(1) to distinguish between filing fees and record costs.
RULE 4.190. CORRECTIONS TO RECORD
(a) Corrections. — After- the record has been -tr-ansmitted-by the Deputy, the-District Court may on its own motion or motion of any party temporarily relinquish jurisdiction to the-Deputy for the purpose of correcting, amending, or supplementing the record- to reflect the true state of the record, with costs of -the-record to be assessed by the deputy-. — T-he Deputy shall certify the corrected, amended, or supplemented record to the-Bistrict Court as the record on appeal. — Absent specific — directions-from the District Court, if the Deputy determines, on remand, that the record as originally certified is-correct, he shall so state, whereupon jurisdiction shall-revest in the District- Court?
(b) Costs. — If the -responsible party fails to deposit-the additional costs within the time ordered by the Deputy-, or in the case of a denial of Petition-to- be Relieved of Costs, within 15 days after the date of the Deputy’s order, the Deputy-shall promptly notify the -District Court and the parties thereof,
(a) Corrections. After the record has been filed with the district court, the court may temporarily relinquish jurisdiction to the judge to correct, amend, or supplement the record. If the judge of compensation claims determines that the original record is correct, the judge shall so state and recertify the record to the district court. If the record is corrected, amended, or supplemented, the judge shall promptly recertify the new record to the district court.
(b) Costs. If additional costs are incurred in correcting, amending, or supplementing the record, the judge shall assess such costs against the appropriate party. If the division is obligated to pay the costs of the appeal due to appellant’s indigency, it must be given notice of any proceeding to assess additional costs. Within 15 days after the entry of the order assessing costs, the assessed party must deposit the sums so ordered with the judge. The judge shall promptly notify the district court if costs are not deposited as required.
Committee Notes
1979 Adoption;. This replaces Rrule 17, 1977 W.C.R.P.
RULE 4.200. PROCEEDINGS PENDING REVIEW
(a) Procedural — Matters,—Before—the record is transmitted, the-deputy shall-have concurrent jurisdiction -with the District Court to enter orders on -any procedural matter relating to the cause, subject to -the control of the District Court on its motion or that of a party.
(b) Further Proceedings,
(1) In the absence of a -stay, during the pendency of a review of a-non-final -order, the Deputy may proceed-with all matters, including final hearing; provided that the *451 Deputy-may not enter a final order disposing of the cause-pending such appeal.
(2) When the jurisdiction of the Deputy has been divested-by an appeal from a final order, the court by order-may permit the deputy to proceed with specifically-stated matters-during the pendency of the appeal.
(3) Pending appeal the Deputy-shall-retain-jur-isdiction to enter orders on all matters of the claim which-have not been appealed.
Committee Notes
1979 Adoption;- Subsection (a) is similar to a portion of Rule 18(a), 1977 W.C.R.P.
Subsection — (b)(1)—is—similar—to—Rule 9.130(f), Florida Rules of Appellate-Procedure.
Subsection — (b)(2)—is—similar—to—Rule 9.600(b), Florida Rules-of-Appellate Procedure.
RULE — 1.210. JURISDICTION; — PROPOSED — SETTLEMENT;—MOTION FOR REMANDh^PPEL-LATE COSTS
(a) Jurisdiction. Upon application to the District Court for review of an -order-of-a Deputy, jurisdiction of the cause--to-the extent of the issues raised-is-vested-in-the District Court and the Deputy-shall-have no further jurisdictionr-in-respect thereof, save — with respect to preparation of the record on appeal, cost of-said-preparationr extension-of- time- for filing of same, and with-respect to a stipulation, settlement or correction of clerical errors in the order appealed-prior to filing of the record, or as provided by these rules. — A- -party — may, however, file a motion with-the -District Court requesting remand-of the cause to the Deputy for further proceedings. .
(b) Proposed Settlement. — Upon stipulation of the parties, the-Deputy may take testimony or cause to be investigated a proposal for settlement of all or any part of the cause before the District- Court on review with the objective of determining whether or not on remand, he would approve-such settlement proposal. — An order approving such settlement which is entered while the cause is pending appellate re-viewT-after-filing-of-the-recor-d-and-prior-tQ the remand of the cause to the Deputy, shall be null and void.
(c) Motion-for — Remand.—Upon a joint motion of the parties stating that a proposed — settlement—agreement—has—bee» reached, the District Court may remand the cause to the Deputy for consideration-of the proposed settlement and the entry of an-appropriate order, within the time provided by the District Court.
(d) Appellate-Costs. — Any-order-approving a settlement shall make appropriate provisions for assessment and recovery of appellate costs.
Committee Notes
1979 Adoption; This replaces Rule 18, -1977 W.G.R.P.
1980 Amendment. This change has been suggested-to-provide-for — the court’s continuing-control-over-matters within their jurisdiction — but-remanded to the Deputy Commissioner-for-the-purpose of determining if the-settlement-is-in-the parties’ best interests.
1984 Revision; 21(d) (New) Places burden- on-Deputy Commissioner to determine any — outstanding—appellate—cost—issues (whether-borne by a party, or by the Division of Workers’ Compensation) at time of settlement.
RULE 4.220. BRIEFS: WHEN TO BE FILED AND’ CONTENTS
(a) Initial Brief. — Within 30 -days-after the filing of the-record on appeal, the appellant shall serve a copy of the brief on the appellee and the originaband two copies with the District Court, together with proof of service of a copy thereof upon the appel-lee, unless the District-Court for good cause.shown by motion filed prior to the expiration of said-period shall extend-the time therefor-.
(b) Appellee’s Answer-Brief. Within-20 days after service of a copy the appellant’s brief, the appellee shall serve a copy of his brief upon the appellant and the original and two-copies with the District Court together — with proof of -service of a copy thereof on the appellant unless the District Court-f-or good cause shown by motion *452 filed prior to the expiration-of said period shall extend the time therefor.
(c) Appellant’s Reply -Brief. — If the-appellant desires to submit -a-r-eply brief, he shall-serve a copy of his reply brief — apea the-appellee, and-the-origiaal- and -two-copies -with the District Court) together with proof of service of a copy-thereof on the appellee, within 20 days after service of a copy- of appellee-s-br-ief,
(d)- Cross-Appeal. — Cross-appellant shall include his argument on the cross-appeal in his-appellee’s brief in the manner authorized- by Rule 9.210(c), - Florida Rules of Appellate Procedure, — Appellant/cross-ap-pellee shall include the-argument on the cross-appeal in the appellani/s reply brief, which shall be served within-20 days after service of appellee/cross-appellant’s brief. Within 20 days after.service of appellant/cross-appellee’s reply brief, cross-appellant may serve reply-brief to the cross-appellee’s briefy-together with proof of service of a copy thereof ■ on-cross-appellee, Argument as to the cross-appeal shall be clearly designated in a separate section of the--briefs.
(e)-Filing. Briefs shall be filed with the Clerk of the District Court of Appeal, First District, either before-serviee-or immediately thereafter.
(f) Style and Contents of-Briefs. — The style and contents of brief-s-shall conform to,-the requirements of Rule 9.210, Fla, R,App,P,
(a) Initial Brief. Within 30 days after the judge of compensation claims certifies the record to the district court, the appellant shall file an original and 3 copies of the initial brief with the district court. A copy shall be served on the appellee.
(b) Initial Brief: Discretionary Review of Nonfinal Order. In the event of an appeal of a nonfinal order under rule 4.160(b), an original and 3 copies of the brief and appendix must be filed with the notice of appeal. A copy shall be served on the appellee/respondent.
(c) Answer Brief. Within 20 days after service of the appellant’s brief, the appellee shall file an original and 3 copies of the answer brief and serve a copy on the appellant.
(d) Appellant’s Reply Brief. Within 20 days from service of appellee’s answer brief, the appellant may file a reply brief. As with the initial brief, an original and 3 copies shall be filed with the district court and a copy shall be served on the appellee. If a cross-appeal is pending, the time for filing the cross-appellant’s reply brief shall be governed by subdivision (g) of this rule.
(e) Cross-Appeal. The cross-appellant shall argue issues raised by the cross-appeal in the answer brief. The cross-appellant’s brief shall be prepared in the format established by Florida Rule of Appellate Procedure 9.210(c).
(f) Appellant/Cross-Appellee’s Answer Brief. The appellant or cross-appellee shall include the responsive argument to the cross-appeal in the reply brief.
(g) Appellee/Cross-Appellant’s Reply Brief. Twenty days after the appellant or cross-appellee has served the reply brief containing argument regarding the cross-appeal, the appellee or cross-appellant may file an original and 3 copies of a reply brief and serve a copy on the appellant/cross-appellee.
(h) Filing and Service. Briefs shall be filed with the clerk of the district court and service of copies shall be made in accordance with these rules.
(i) Style and Contents of Briefs. The style and contents of briefs shall conform to the requirements of Florida Rule of Appellate Procedure 9.210.
Committee Notes
1979 Adoption:. This replaces Rrule 19, 1977 W.C.R.P.
RULE 4.225. NOTICES OF SUPPLEMENTAL AUTHORITY
Notices of supplemental authority, without argument, may be filed with the district court before a decision has been published to call attention to decisions, rules, or statutes that have been discovered after the last brief served in the appeal.
*453 RULE 4.230. MOTIONS
(a) Contents of Motion: Response. Unless otherwise prescribed by these rules, an application for an order or other relief available under these rules shall be made by filing a motion therefor. The motion shall state the grounds on which it is based, the relief sought, supporting argument in support-thereof^ and appropriate citations of authority. A motion for an extension of time shall, and other motions wherewhen appropriate marshal! contain a certificate by the movant’s counsel that he has-consulted opposing counsel has been consulted and hasand that he-is authorized to -represent that opposing counsel either has no objection or will promptly file an objection. A motion may be accompanied by an appendix, which may include affidavits and other appropriate supporting documents not contained in the record. A party may serve one response to a motion within 10 days of service of the motion. The district Ccourt may shorten or extend the time for response to a motion.
(b) Effect on Proceedings. Except as prescribed by Sectionsubdivision (d) of this rule, service of a motion shall toll the time schedule of any proceeding in-thebefore the district court until disposition of the motion. An order granting an extension of time for any act shall automatically shall extend the time for all other acts whiehthat bear a time relation to it. A conformed copy of an order extending the time entered by a lower-tr-ibunalthe judge of compensation claims shall be transmitted forthwith to the district Ccourt.
(c) Motions to Strike. Motions to strike a brief or portions of a brief shall not be entertained by the district Ccourt. However, a party, in bisits own brief or by filing a suggestion, may call to the District Ccourt’s attention a breach of these rules. Statements in briefs not supported by the record shall be disregarded and may constitute cause for imposition of sanctions.
(d) Motions Not Tolling Time.
(1) Motions for stay pending appeal.
(2) Motions relating to oral argument.
(3) Motions relating to joinder and substitution of parties.
(4) Motions relating to amicus curiae.
(5) Motions relating to attorney fees on appeal.
(6) Motions relating to service.
(7) Motions relating to admission or withdrawal of attorneys.
Committee Notes
1979 Adoption;. This replaces Rrule 20, 1977 W.C.R.P.
Subsectiondivision (b) is a significant change from previous practice.
Subsectiondivision (c) is a new provision.
1980 Amendment;. This replaces the former Rrule 23 governing Mmotions entirely.
The Rrule conforms motion practice in the First District in workers’ compensation cases to motion practice in the First District in other cases under Florida Appellate Rule of Appellate Procedure 9.300. This change is essentially identical with Rrule 9.300 with the exception of the addition of subsectiondivision (c) which is retained from the former Rrule 23.
RULE 4.240. ORAL ARGUMENT
Oral argument may be permitted in any proceeding. A request for oral argument shall be a separate document served with the earliest brief of a party. UpoOn its own motion or that of a party, the court may require, limit, expand^ or dispense with oral argument.
Committee Notes
1979 Adoption;. This replaces Rrule 21, 1977 W.C.R.P.
RULE 4.250. MOTION FOR REHEARING
(a) Time for Filing; Contents; Reply. A Mmotion for Rrehearing or for Clarification of decision may be filed only within fifteen (15) days of the decision unless the time is extended by order of the Ccourt applied for within the fifteen (15):day period. The motion shall state with particularity the points of law or fact which the Ccourt has overlooked or misapprehended.and The motion shall not re-argue the *454 merits of the Ccourt’s order. A reply may be served within ten-(10) days of service of the motion. The time allowed for filing a notice or petition in or to the Ssupreme Ccourt of Florida is tolledshall be extended pending final disposition of a Mmotion for Srehearing or for Cclarification hereunder.
(b) Limitation. A party shall not file more than 1 motion for rehearing or clarification of a decision.
Committee Notes
1979 Adoptions. This is a new rule.
1984 RevisiomAmendment. Clarified existing law and conforms Florida Workers’ Compensation Rules of Procedure with Florida Rules of Appellate Procedure 9.330 and 9.300.
RULE 4.255. REHEARINGS EN BANC
(a) Generally. A rehearing en banc may be ordered by the district court on its own motion or on motion of a party. Within the time prescribed by rule 4.250 and in conjunction with the motion for rehearing, a party may move for an en banc rehearing only on the grounds that the cause is of exceptional importance or that such consideration is necessary to maintain uniformity in the court’s decisions. A motion based on any other ground shall be stricken.
(b) Required Statement for Rehearing En Banc. A rehearing en banc is an extraordinary proceeding. Unless one of the grounds for a rehearing en banc as set forth in subdivision (a) is clearly met, an attorney is not obligated to file such a. motion to fully represent the client. When filed by an attorney, the motion shall contain one or both of the following statements:
“In my professional opinion, I believe the panel decision is of exceptional importance.”
or
“In my professional opinion, I believe the panel decision is contrary to the following decision or decisions of the district court and that a consideration by the full court is necessary to maintain uniformity of decisions: . (cite specific case or cases)......"
(c) Formal Order on Motion for Rehearing En Banc. If a motion for rehearing under rule 4.250 is ruled on before a pending motion for rehearing en banc, the latter shall be deemed denied without the necessity of entering a formal order.
RULE 4.260. MANDATE
(a) Issuance of Mandate. Unless otherwise ordered by the district court or provided by these rules, the clerk shall issue such mandate or process as may be directed by the court after the expiration of 15 days from the date of an order or decision. A copy thereof, or notice of its issuanceT shall be served on all parties and on the judge. The judge also shall be furnished with a certified copy of the final opinion of the district court.
(b) Extension of Time for Issuance of Mandate. If a timely motion for rehearing, clarification, or certification has been filed, the time for issuance of the mandate or other process shall be extended until 15 days after the rendition of the order denying the motion or, if granted, until 15 days after the cause has been fully determined.
Committee Notes
1979 Adoption;. This is a new rule.
RULE 4.265. ATTORNEY FEES AND APPELLATE COSTS
(a) Costs. Costs shall be taxed in favor of the prevailing party unless the district court orders otherwise. Taxable costs shall include:
(1) fees for filing and service of process;
(2) charges for preparation of the record;
(3) bond premiums; and
(4) other costs permitted by law.
Costs shall be taxed by the judge of compensation claims on motion served within 30 days after issuance of mandate.
(b) Attorney Fees. A motion for attorney fees may be served no later than the time for service of the moving party’s last brief permitted under these rules. If the moving party elects not to file the last brief, the motion must be served on or before the date the last brief would have been due.
*455 (c) Entitlement and Amount of Fees and Costs. If the district court determines that an appellate fee is due, the judge shall have .jurisdiction to conduct hearings and consider evidence regarding the amount of the attorney fee and costs due at any time after the mandate is issued.
(d) Review. Review of orders issued under this rule shall be by motion filed with the district court within 30 days of rendition.
RULE 4.270. FURTHER REVIEW AND ORIGINAL' PROCEEDINGS: APPELLATE RULES
Except as provided in these rules, Aany further review and original proceedings shall be governed by the Florida Rules of Appellate Procedure.
Committee Notes
1979 Adoption;. This is a new rule. RULE 4.280. SANCTIONS
The district court or any judge may impose sanctions authorized under rule 4.150 for violation of these rules or applicable Florida Rules of Appellate Procedure.
Committee Notes
1992 Adoption. This is a new provision duplicating rule 4.150. The committee wanted to make it clear that the judge continues to have the power to impose sanctions during the appellate process. It also should be noted that the committee intended to give the district court the power to impose sanctions under the rule that would be in addition to the powers granted by the constitution, statutory law, and the Florida Rules of Appellate Procedure.
PART C. MEDIATION PROCEDURES
RULE 4.330. GENERAL PROVISIONS
(a) Definitions. The following definitions apply to workers’ compensation mediation, unless the context or subject matter otherwise requires:
(1)"Mediation" is a process authorized by section 440.25(3), Florida Statutes, whereby a mediator acts to encourage and facilitate the resolution of a workers’ compensation dispute or claim between 2 or more parties by assisting the parties in reaching a mutually acceptable and voluntary agreement, thereby dispensing with the need for judicial determination by trial.
(2) “Mediator” is the person appointed by the chief judge in accordance with the provisions of section 440.25(3)(b)l, Florida Statutes, to conduct a mediation conference. The mediator is a member in good standing of The Florida Bar, known as a general master, special master, or a judge of compensation claims. A judge of compensation claims who acts as a mediator shall not act as a presiding judge on the same case.
(3) “Mediation conference” is an informal, nonadversarial negotiation or settlement conference attended by the interested parties and supervised and conducted by a mediator.
(4) “Mediation agreement,” also known as a mediation settlement agreement, means a mutually acceptable and voluntary written or recorded agreement reached by the parties at a mediation conference, with the assistance of a mediator, resolving completely or partially a workers’ compensation dispute or claim.
(5) “Impasse” is the parties’ inability to reach a mutually acceptable and voluntary agreement as to any matter at the mediation conference.
(6) “Chief .judge” means the chief judge of compensation claims appointed by the governor, serving in the Department of Labor and Employment Security, pursuant to section 440.45(3), Florida Statutes.
(7) “Judge” means a judge of compensation claims pursuant to section 440.45, Florida Statutes. A presiding judge is the judge having jurisdiction of the industrial accident and to whom the claim has been assigned.
(8) “Parties” means the employee, claimant, employer, and carrier.
(b) Purpose. The purpose of these rules, adopted and promulgated pursuant to the legal authority of the Supreme Court of Florida, is to provide the procedures that shall govern the mediation of workers’ compensation disputes and claims.
*456 RULE 4.340. REQUEST FOR OR REFERRAL TO MEDIATION
(a) Application for Mediation. A mediation conference may be requested by any interested party, at any time following a claim up to 60 days prior to a hearing scheduled pursuant to section 440.25(3)(c), Florida Statutes. A request shall be made by the filing of an application for mediation conference with one of the following:
(1) The division, if filed simultaneously with a claim for benefits and/or application for hearing.
(2) The presiding judge or general master.
An order requiring the parties to attend a mediation conference shall be entered by a presiding judge upon the application.
(b) Referral by Presiding Judge or by Stipulation. The presiding judge may enter an order referring any claim or selected issues therein to mediation on a party’s motion, the parties' stipulation requesting mediation, or at the pretrial conference in accordance with rule 4.100(a)(8).
(c) Motion to Dispense with or Defer Mediation. Within 15 days of the order of referral to mediation or notice of mediation conference, whichever is entered first, a party may move to dispense with or defer mediation if:
(1) the matter has been previously mediated between the same parties;
(2) the issue presents a question of law only; or
(3) other good cause is shown.
The movant shall set the motion for hearing prior to the scheduled date for mediation. Notice of hearing shall be provided to all interested parties, including the mediator. The motion shall set forth, in detail, the facts and circumstances supporting the motion. Mediation shall be suspended until a disposition of the motion.
(d) Denial of Mediation by Mediator. A mediator may deny a request for mediation if the mediator determines the matter or issues to be inappropriate for mediation. Within 15 days of the receipt of application for mediation conference or an order of referral to mediation, the mediator shall notify the parties of the recommendation of denial and refer the matter to the presiding judge for the entry of an order approving or disapproving the denial or, at the judge’s discretion, scheduling a hearing on the mediator’s recommendation.
(e)Effect on Claims for Benefits. Mediation shall not preclude or delay the prosecution of a claim for benefits nor prevent the filing of an application for hearing and the scheduling and attendance at hearings thereon as required by section 440.25, Florida Statutes.
RULE 4.350. SCHEDULING MEDIATION CONFERENCE
(a) Appointment or Selection of Mediator. On receipt of an application for mediation conference from the division, the chief judge shall assign the matter to the appropriate mediator. However, if the referral to mediation is pursuant to an order based on a motion, stipulation, or pretrial hearing, then the order shall designate the appropriate mediator, previously selected and assigned by the chief judge to the district having jurisdiction of the industrial accident.
(b) Notice of Mediation Conference; Order. Within 15 days after receipt by the appropriate mediator of an application for mediation conference or an order referring the parties to mediation, the mediator shall notify the parties in writing of the date, time, and place of the mediation conference unless the order of referral specifies the date, time, and place. A notice of mediation conference shall be substantially in the same form as the notice of hearing form in rule 4.908. The first mediation conference shall be held within 45 days of the filing of an application for mediation conference or entry of an order of referral but no sooner than 15 days from the date of the notice or order scheduling such mediation conference.
(c) Completion of Mediation; Continuances; Adjournment. Mediation shall be completed within 30 days of the first mediation conference unless extended by the mediator on stipulation of the parties. However, the mediator may adjourn the *457 mediation conference at any time and may set times for reconvening the adjourned conference. No further written notification is required for parties present at the adjourned conference.
(d) Discovery. Discovery may continue throughout mediation.
RULE 4.360. MEDIATION PROCEDURES
(a) Attendance in Mediation. Any party required to attend the mediation conference must have full and binding authority to settle without further consultation. Notwithstanding rule 4,111, no party may appear by telephone unless specifically approved by the mediator. Further, a mediator may excuse the appearance of a party. A party is deemed to appear if the following persons are physically present:
(1) The claimant, a representative of the carrier/servicing agent, an uninsured employer, or an insured or self-insured employer if its servicing agent/carrier does not have full settlement authority.
(2) The parties’ counsel of record. Appearance by counsel does not dispense with or waive the required attendance of the parties listed above.
(3) If the employer is a public entity required to conduct its business pursuant to chapter 286, Florida Statutes, a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decisionmaking body of the entity.
(b) Sanctions for Failure to Appear. If a party fails to appear at a duly noticed mediation conference without good cause or appears without full authority to resolve a claim, the presiding judge on a party’s or judge's own motion and after a hearing may impose sanctions in accordance with rule 4.150.
(c) Counsel of Record. The mediator shall control the mediation and the procedures to be followed in mediation. Counsel shall be permitted to communicate privately with their clients at any time. In the discretion of the mediator and with the agreement of the parties, mediation may proceed in the absence of counsel.
(d) Communication with Parties. The mediator may meet and consult privately with any party or parties or their counsel.
(e) Privileged and Confidential Communications.
(1) Any information from the files, reports, case summaries, mediator's notes, or other communications or materials, oral or written, relating to a mediation conference obtained by any person participating in-mediation is privileged and confidential and may not be disclosed without written consent of the interested parties involved in the mediation conference.
(2) Each party to a mediation conference has a privilege during and after the conference to refuse to disclose and prevent another from disclosing communications made during the mediation conference, whether or not the disputed issues are successfully resolved. This subdivision shall not be construed to prevent or inhibit the discovery or admissibility of any information that is otherwise subject to discovery or that is admissible under an applicable law or rule of procedure, except that any conduct or statement made during a mediation conference or in negotiations concerning the conference is inadmissible in any proceeding under chapter 440, Florida Statutes.
(3) In no event shall the mediator be subpoenaed, called to testify, or give a deposition to resolve any claim or disclose any communications or conduct made during the mediation conference.
RULE 4.370. CONCLUSION OF MEDIATION
(a) Impasse. The mediator shall have sole discretion to terminate or suspend mediation if at the mediation conference the parties have reached an impasse, or the matter is not appropriate for further mediation. The mediator shall, within 10 days of the conclusion of the mediation conference, file a report with the presiding judge reflecting the lack of agreement without comment or recommendation.
(b) Mediation Agreement.
(1) If a mutually acceptable and voluntary total or partial agreement is reached, *458 it shall be reduced to writing and signed by the parties and their attorneys, or dictated on the record before a judge of compensation claims, or electronically or stenograph-ically recorded and transcribed.
(2) The agreement shall be a stipulation pursuant to rule 4.130.
(3) Any agreement or stipulation under this rule may be expressly relied on by the judge of compensation claims in any proceedings, unless a party seeks to be relieved of the agreement or stipulation for good cause shown. The judge of compensation claims may abrogate any stipulation that appears to be manifestly contrary to law on due notice to the parties. However, the judge of compensation claims need not inquire beyond the stipulation or agreement.
(c) Enforcement of Agreement. In the event of any breach or failure to perform under a mediation agreement, enforcement shall proceed in accordance with section 440.24, Florida Statutes.
(d) Agreement to Enter into Section 440.20(12), Florida Statutes, Settlement. Any mediation agreement compromising or releasing prospective benefits of the claimant to any class of benefits pursuant to section 440.20(12), Florida Statutes, shall not be approved or become binding until the parties have complied with rule 4,131 and the aforesaid statutory provision.
RULE 4.380. DISQUALIFICATION OF MEDIATOR
(a)Procedure. Any party may, by motion, for good cause, request the chief judge to disqualify a mediator. The request must state with particularity the basis for disqualification. If a mediator is disqualified, the chief judge shall immediately enter an order naming a qualified replacement. The time for a mediation conference shall be tolled during any periods in which mediation is deferred pending determination of a disqualification motion.
(b)Disclosure. Mediators have a duty to be impartial and shall immediately disclose and advise all parties of any circumstances bearing on possible conflicts of interest, bias, prejudice, or impartiality. Nothing in this rule shall preclude mediators from disqualifying themselves or refusing any assignment.
PART CD. FORMS
RULE 4.900. FORMS
(a) Process. The following forms are sufficient. Variations from the forms do not void process or notices that are otherwise sufficient.
(b) Other Forms. So long as the substance is expressed without prolixity, the forms may be varied to meet the facts of a particular case.
(c) Formal Matters. Captions, except for the designation of the paper, are omitted from the forms, as is the certificate of service.
Committee Notes
1988 Adoption;. The use of the forms is not mandatory.
FORM 4.901, CAPTION AND STYLE OF PLEADINGS
STATE OF FLORIDA
DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY
DIVISION OF WORKERS’ COMPENSATION
OFFICE OF THE DEP-U-TY COMMISSIONERJUDGE OF COMPENSATION CLAIMS
DISTRICT “ ”.(district number).
EMPLOYEE- . ATTORNEY FOR EMPLOYEE:
(NAME).... (NAME)....
(ADDRESS) (ADDRESS)
CLAIMANT: ATTORNEY FOR CLAIMANT:
[If other than Employee.] [If other than Employee.]
(NAME).... (NAME)....
(ADDRESS) (ADDRESS)
*459 [[Image here]]
EMPLOYER/CARRIER:
.(NAME). .(NAME).
.(ADDRESS). .(ADDRESS).
CARRIER (SERVICING AGENT): CLAIM NUMBER:--
.(NAME). DATE OF ACCIDENT:
.(ADDRESS). ./■ /
(Title of Pleading)
Committee Notes
1988 Adoptions. This form is intended to standardize the caption and style of pleadings under these rules. It is intended to be incorporated by reference in the certificate of service where applicable.
There is no prior form.
FORM 4.902. ATTORNEY’S CERTIFICATE OF SERVICE OF EX PARTE ORDER
Certificate of Service
I certify that a copy of the attached order was mailed (delivered)furnished to the following parties and counsel of record by.(method of delivery).this_ day of_, 19_:
(Names and addresses of parties and counsel served, or if correctly shown in caption of order, then: “The parties and counsel as shown in the caption of the attached order.”)
ATTORNEY FOR EMPLOYEE
Attorney for employee
.(address).
.(telephone number).
Florida Bar No.(bar no.).
Committee Notes
1988 Adoption?. This form is intended for use with orders approving attorney contracts of representation under Rrule 4.0601.
FORM 4.903. CONTRACT OF REPRESENTATION, POWER OF ATTORNEY, TRUST AGREEMENT, AND MOTION
(a) Form of Agreement for Accidents Occurring before October 1, 1989.
CONTRACT OF REPRESENTATION, POWER OF ATTORNEY, TRUST AGREEMENT, AND MOTION
I, the undersigned employee, hereby retain and employ the undersigned as my attorney to represent me with respect to the industrial accident and injury described above in any workers’ compensation claim I may have, under the following terms and conditions:
1. AUTHORIZATION. I authorize my attorney to act on my behalf in prosecuting my workers’ compensation claim. My attorney is authorized to make such investigations, undertake such legal proceedings* and to expend such monies on my behalf as my attorney may deem necessary.
2. ATTORNEY FEES. I agree to pay to my attorney a reasonable attorney fee for services rendered with respect to my workers’ compensation claim. I request that my employer and its carrier (or servicing agent) make all payments of workers’ compensation indemnity benefits payable jointly to me and my attorney in care of my attorney at hfethe attorney’s address.
I authorize my attorney to retain in trust from my indemnity benefits to secure the payment of my attorney fees and costs:
25% of the first $5,000,00 of all benefits obtained;
20% of the next $5,000,00 of all benefits obtained;
15% of all benefits obtained in excess of $10,000,00;
although the attorney fee may be greater or less than the sums retained in trust, depending on the amount of time my attorney expends in the prosecution of my claim, the difficulty, novelty* or complexity of my case* and the amount ultimately paid or awarded.
*460 THE DEPUTY COMMISSIONERJUDGE OF COMPENSATION CLAIMS (WORKERS’ COMPENSATION JUDGE) WILL MAKE THE FINAL DETERMINATION AS TO THE AMOUNT OF AND MY ATTORNEYS ENTITLEMENT TO AN ATTORNEY FEE.
To the extent the money held in trust exceeds my attorney fees and costs, or if all or part of my attorney fees and costs áre paid by my employer and its carrier (or servicing agent), the balance held in trust will be returned to me.
Under some circumstances, my employer and its carrier (servicing agent) may be found liable to pay all or a part of my attorney fee and court costs. Those circumstances are when:
la. When my employer or its carrier has denied that I had an on-thejob accident or injury;
2b. When my employer or its carrier has refused to provide me with medical care and I am not at that time entitled to any other benefits^
3c. When the conduct of my employer or its carrier is found by the Deputy-Commis-sionerjudge of compensation claims to constitute “bad faith/’? as defined in the Workers’ Compensation Act.
I understand that the recovery of attorney fees and costs in addition to my benefits may require a separate proceeding for which I may incur additional costs and attorney fees. If my employer or its carrier is required to pay my attorney a fee for any benefits my attorney obtains for me, I will not be obligated to pay an additional fee for obtaining that benefit.
3. COSTS. I agree to reimburse my attorney for all costs associated with the prosecution of my claim to the extent that these costs are not recovered from the employer and hisits carrier (servicing agent), regardless of the outcome of my claim. My attorney may use any monies held by him in trust under this contract to pay any costs incurred on my behalf.
4. EMPLOYEE’S RESPONSIBILITIES. I agree to promptly and fully advise my attorney as to any developments or information which may have a bearing on my workers’ compensation claim and to keep my attorney advised at all times as to my whereabouts and correct mailing address.
I will promptly attend any appointments made fot me by my attorney and towill submit to any medical or vocational examinations or evaluations arranged by my attorney.
I will not discuss my case with any person not specifically authorized by my attorney.
I agree to cooperate fully with my attorney.
I understand that my attorney expressly relies on the truthfulness of all statements made by me, and that I may be subject to criminal prosecution if I make false or misleading statements in connection with my workers’ compensation claim.
I UNDERSTAND THAT MY ATTORNEY MAY TERMINATE THIS CONTRACT OF REPRESENTATION IF I DO NOT FULLY COMPLY WITH THIS AGREEMENT.
5. ATTORNEY’S RESPONSIBILITIES. The undersigned attorney agrees to diligently pursue the employee’s workers’ compensation claim and to keep the employee fully informed as to this claim. The attorney accepts the trust provisions of this agreement and will account to methe employee as to any monies received, expended^ or held on mythe employee's behalf at mythe employee’s request.
6. LIMITED POWER OF ATTORNEY. The undersigned employee does hereby make, constitute,, and appoint the undersigned attorney as faisthe employee’s agent and attomey-in-fact to act in the employee’s name, place, and stead to negotiate the employee’s workers’ compensation benefit checks or drafts only for the purposes of this contract.
7. APPROVAL OF CONTRACT OF REPRESENTATION BY DEPUTY COMMISSIONER JUDGE OF COMPENSATION CLAIMS. Having read and signed this contract of representation and having discussed its provisions with my attorney, the undersigned employee jointly with the undersigned attorney moves that the Deputy -Commissioner judge of compensation claims approve this contract of representation. The employee waives Nnotice of Shearing and waives a Fformal Shearing before the Deputy Commissioner judge of compensation claims with respect to the approval of this contract of representation.
*461 [[Image here]]
EMPLOYEE
WITNESS
WITNESS
DATE EXECUTED: _
STATE OF_
COUNTY OF_
BEFORE ME, the undersigned authority, personally appeared _, to me well known to be the person described in the foregoing Contract of Representation, Power of Attorney, Trust Agreement;, and Motion and acknowledged to me that (s)he executed the same for the purposes contained therein.
IN WITNESS WHEREOF, I have hereunto set my hand and official seal this_ day of_, 19_
NOTARY PUBLIC
My Commission Expires:
_(SEAL)
ATTORNEY FOR THE EMPLOYEE
(b) Form of Agreement for Accidents Occurring on or after October 1, 1989.
CONTRACT OF REPRESENTATION, POWER OF ATTORNEY, TRUST AGREEMENT, AND MOTION
I, the undersigned employee, hereby retain and employ the undersigned as my attorney to represent me with respect to the industrial accident and injury described above in any workers’ compensation claim I may have, under the following terms and conditions:
1, AUTHORIZATION. I authorize my attorney to act on my behalf in prosecuting my workers’ compensation claim. My attorney is authorized to make such investigations, undertake such legal proceedings, and expend such monies on my behalf as my attorney may deem necessary.
2. ATTORNEY FEES. I agree to pay to my attorney a reasonable attorney fee for services rendered with respect to my workers’ compensation claim. I request that my employer and its carrier (or servicing agent) make all payments of workers’ compensation indemnity benefits payable jointly to me and my attorney in care of my attorney at the attorney’s address.
I authorize my attorney to retain in trust from my indemnity benefits to secure the payment of my attorney fees and costs:
25% of the first $5,000 of all benefits obtained;
20% of the next $5,000 of all benefits obtained;
15% of all benefits obtained in excess of $10,000;
although the attorney fee may be greater or less than the sums retained in trust depending on the amount of time my attorney expends in the prosecution of my claim, the difficulty, novelty, or complexity of my case, and the amount ultimately paid or awarded.
THE JUDGE OF COMPENSATION CLAIMS (WORKERS’ COMPENSATION JUDGE) WTT.T, MAKE THE FINAL DETERMINATION AS TO THE AMOUNT OF AND MY ATTORNEY’S ENTITLEMENT TO AN ATTORNEY FEE.
To the extent the money held in trust exceeds my attorney fees and costs, or if all or part of my attorney fees and costs are paid by my employer and its carrier (or servicing agent), the balance held in trust will be returned to me.
Under some circumstances, my employer and its carrier (servicing agent) may be found liable to pay all or a part of my attorney fee and court costs. Those circumstances are when:
*462 a. my employer or its carrier has denied that I had an on-the-job accident or injury;
b. my employer or its carrier has refused to provide me with medical care and I am not at that time entitled to any other benefits;
c. my employer or its carrier fails or refuses to pay a specific claim filed with the Division of Workers’ Compensation on or before the 21st day after receiving notice of the claim.
I understand that the recovery of attorney fees and costs in addition to my benefits may require a separate proceeding for which I may incur additional costs and attorney fees. If my employer or its carrier is required to pay my attorney a fee for any benefits my attorney obtains for me, I will not be obligated to pay an additional fee for obtaining that benefit.
3. COSTS. I agree to reimburse my attorney for all costs associated with the prosecution of my claim to the extent that these costs are not recovered from the employer and its carrier (servicing agent), regardless of the outcome of my claim. My attorney may use any monies held in trust under this contract to pay any costs incurred on my behalf.
4. EMPLOYEE’S RESPONSIBILITIES. I agree to promptly and fully advise my attorney as to any developments or information which may have a bearing on my workers’ compensation claim and to keep my attorney advised at all times as to my whereabouts and correct mailing address.
I will promptly attend any appointments made for me by my attorney and will submit to any medical or vocational examinations or evaluations arranged by my attorney.
I will not discuss my case with any person not specifically authorized by my attorney.
I agree to cooperate fully with my attorney.
I understand that my attorney expressly relies on the truthfulness of all statements made by me, and that I may be subject to criminal prosecution if I make false or misleading statements in connection with my workers’ compensation claim.
I UNDERSTAND THAT MY ATTORNEY MAY TERMINATE THIS CONTRACT OF REPRESENTATION IF I DO NOT FULLY COMPLY WITH THIS AGREEMENT.
5. ATTORNEY’S RESPONSIBILITIES. The undersigned attorney agrees to diligently pursue the employee’s workers’ compensation claim and to keep the employee fully informed as to this claim. The attorney accepts the trust provisions of this agreement and will account to the employee as to any monies received, expended, or held on the employee’s behalf at the employee’s request.
6. LIMITED POWER OF ATTORNEY. The undersigned employee does hereby make, constitute, and appoint the undersigned attorney as the employee’s agent and attorney-in-fact to act in the employee’s name, place, and stead to negotiate the employee's workers’ compensation benefit checks or drafts only for the purposes of this contract.
7. APPROVAL OF CONTRACT OF REPRESENTATION BY JUDGE OF COMPENSATION CLAIMS. I understand that this agreement is binding upon signing. I authorize my attorney to submit this agreement to the judge of compensation claims for the judge’s approval.
Having read and signed this contract of representation and having discussed its provisions with my attorney, the undersigned employee jointly with the undersigned attorney moves that the judge of compensation claims approve this contract of representation. The employee waives notice of hearing and waives a formal hearing before the judge of compensation claims with respect to the approval of this contract of representation.
EMPLOYEE
WITNESS
WITNESS
DATE EXECUTED:
*463 STATE OF ..
COUNTY OF
BEFORE ME, the undersigned authority, personally appeared , to me well known to be the person described in the foregoing Contract of Representation, Power of Attorney, Trust Agreement, and Motion and acknowledged to me that (s)he executed the same for the purposes contained therein.
IN WITNESS WHEREOF, I have hereunto set my hand and official seal this day of , 19 ~
NOTARY PUBLIC
My Commission Expires:
ATTORNEY FOR THE EMPLOYEE
Committee Notes
1988 Adoptions. The suggested form intends to make uniform the attorney-client agreement and conform with Cchapter 440, Florida Statutes, as well as the Ttrust Recounting provisions applicable to attorneys, established practice, and applicable case law. It is intended to memorialize and is not meant as a substitute for advice of counsel. The form is intended for use only as to claims arising under Cchapter 440, Florida Statutes, and a separate agreement must be obtained for representation as to any other cause of action.
1992 Amendment. The alternative form of agreement reflects the amendment to chapter 440, Florida Statutes (1989), eliminating the provision for the award of attorney fees on account of “bad faith’ and substituting a timely payment requirement (the “21-day rule”). It is the view of this committee, being mindful of the customary practice under the prior (pre-1979) “21-day rule,” that many of these agreements will not be submitted to the ‘judge for approval inasmuch as the attorney will not undertake to withhold money from the claimant’s benefits to secure the payment of a fee?
FORM 4.904. ORDER APPROVING CONTRACT OF REPRESENTATION AND DIRECTING PAYMENT OF BENEFITS
TFor caption and style of pleadings see form 4.9011
ORDER APPROVING CONTRACT OF REPRESENTATION AND DIRECTING PAYMENT OF BENEFITS
The motion to approve the contract of representation having come before the undersigned ex parte¿ and having reviewed the contract of representation entered into between the attorney for the employee and the employee providing for the retention of certain monies in trust and requesting that the employer/carrier make payment of benefits to the attorney for the employee on behalf of the employee; it is,
ORDERED AND ADJUDGED:
1. That the contract of representation is approved and jurisdiction is reserved to enforce, modhy^ or rescind the contract of representation on the motion of any party or counsel. Further, that any attorney fees payable to the attorney for the employee shall constitute a lien against the employee's benefits.
2. That the attorney for the employee is directed to serve a copy of this order on the employer, its carrier (or servicing agent)¿ and counsel of record (if any) in the manner provided in Florida Rule of Workers’ Compensation Procedure 4.0604.061(a), Florida Workers’ Compensation Rules of Procedure.-
3. That the employer and its carrier (servicing agent) pay all benefits due to the employee in care of the attorney for the employee and include the name of the attorney for the employee as an additional payee on any check or draft.
4. That the attorney for the employee may retain monies paid by the employee in trust subject to the final determination by the Deputy Commissioner judge of compensation claims of the entitlement to the amount of attorney fees.
DONE AND ORDERED in Chambers,
====================== (SEAL)
*464 Honorable
Deputy-Commissioner
Judge of Compensation Claims
I CERTIFY that the foregoing order was entered and a true copy served by mail or by hand delivery on the attorney for the employee at the address written above on -19-
Assistant to the Deputy ■ Commissioner
Judge of Compensation Claims
Committee Notes
1988 Adoption;. The inclusion of this form is not intended to limit the discretion of the Ddeputy Ccommissioner in approving attorney-client agreements nor to imply that such approval is necessary.
FORM 4.905. MOTION FOR EX PARTE PAYMENT OF ATTORNEY FEES AND COSTS
fFor caption and style of pleadings see form 4.9011
MOTION FOR EX PARTE PAYMENT OF ATTORNEY FEES AND COSTS
The employee and the attorney for the employee stipulate to the payment of attorney fees and costs and jointly move for the entry of an order for the payment of the fees and costs, and in support hereof state:
1. The employee and the attorney for the employee have heretofore entered into a contract of representation which has been approved by the Deputy-Commissioner judge of compensation claims at the joint request of the employee and the attorney for the employee.
2. Pursuant to the contract of representation, the attorney has obtained the payment and/or the provision of benefits to the employee as follows:
COMPENSATION: Type: Period: Amount:
1.
2.
3.
MEDICAL: Provider: Amount:
OTHER: Description: Amount:
TOTAL: Amount:
3. The attorney for the employee represents that he the attorney has expended the following professional time on behalf of the employee with respect to hfe this workers’ compensation claim: _hours.
4. Based upon the benefits obtained and the guidelines set forth in Cchapter 440, Florida Statutes, the attorney for the employee is entitled to reasonable attorney fees of $-
5. The employee acknowledges the receipt of these benefits through the efforts of the attorney and waives a FORMAL HEARING before the Deputy Commissioner judge of compensation claims to determine the amount of the fees and the attorney’s entitlement thereto.
6. The attorney represents to the Deputy Commissioner judge of compensation claims that he the attorney has obtained the aforesaid benefits for the employee through his efforts. The attorney further states that he the attorney has retained in trust, to secure the payment of fees pursuant to the contract of representation, the sum of $_
1. The attorney represents that the following reimbursable costs have been advanced on behalf of the employee and the employee agrees that these costs should be reimbursed to the attorney from the monies held in trust:
.(description of cost).: $.(amount).
*465 .(description of cost) ......: $.(amount).
8. To the extent any monies have been paid or are to be paid in trust to the attorney pursuant to the contract of representation, the employee requests that those monies be released from trust to the extent fees and costs are awarded and paid to the attorney.
WHEREFORE, the employee and the attorney for the employee jointly move for the entry of an order granting the motion.
_(SEAL)
ATTORNEY FOR EMPLOYEE
. (address) .
. (telephone number) .
Florida Bar No.(bar number).
_(SEAL)
EMPLOYEE
STATE OF_
COUNTY OF_
BEFORE ME, the undersigned authority, personally appeared_, to me well known to be the person described in the foregoing Mmotion and acknowledged to me that (s)he executed the same for the purposes contained therein.
IN WITNESS WHEREOF, I have set my hand and seal this _ day of _, 19_
NOTARY PUBLIC
My Commission Expires:
FORM 4.906. ORDER APPROVING ATTORNEY FEES AND COSTS
TFor caption and style of pleadings see form 4.9011
ORDER FOR EX PARTE ATTORNEY FEES AND COSTS
The motion for ex parte attorney fees and costs having been considered and granted ex parte, I find that:
1. That the employee and the attorney for the employee have heretofore entered into a contract of representation.
2. That attorney fees and reimbursable costs are due to the attorney for benefits obtained within the provisions of the Florida Rules of Workers’ Compensation Rules of Procedure and Cchapter 440, Florida Statutes and. As it appears from the pleadings that those provisions have been substantially complied with, it is*:
ORDERED AND ADJUDGED:
LA. The attorney fees and costs are approved as set forth in the motion.
2J3. The attorney may withdraw from trust sufficient sums to pay the fees and costs awarded to the attorney hereby.
SrC. The attorney is directed to comply with the applicable laws and provisions of the Rules Regulating The Florida Bar as they relate to trust accounting.
DONE AND ORDERED in Chambers^
Honorable -■=
Deputy Commissioner
Judge of Compensation Claims
I CERTIFY that the foregoing order was entered and a true copy served on the parties and counsel by mail or by hand delivery this _ day of-, 19-
Assistant to the Deputy Commissioner
Judge of Compensation Claims
*466 FORM 4.907. ORDER ON LEAVE TO WITHDRAW AS COUNSEL
fFor caption and style of pleadings see form 4,9011
ORDER ON LEAVE TO WITHDRAW AS COUNSEL
This claim having come before the undersigned on the motion of the attorney for the employee to withdraw as attorney of record in this proceeding and it appearing that good and sufficient grounds are shown in the motion for granting the motion; it is,
ORDERED AND ADJUDGED:
1. That any party in interest may object in writing filed with the Deputy Commissioner judge of compensation claims within thirty 30 days of the date hereof.
2. In the absence of such objection, the motion is GRANTED and jurisdiction is reserved as to any lien for attorney fees and costs heretofore approved.
DONE AND ORDERED in Chambers^
(SEAT,)
Honorahle.
■Deputy Commissioner
Judge of Compensation Claims
I CERTIFY that the foregoing Oorder was entered and a copy served on the parties and counsel by mail or by hand delivery this _ day of_, 19_
Assistant to the Deputy-Commissioner
Judge of Compensation Claims
FORM 4.908. NOTICE OF HEARING, OTHER THAN FINAL HEARING AND PRETRIAL CONFERENCE
fFor caption and style of pleadings see form 4.9011
NOTICE OF HEARING TO THE PARTIES, IF UNREPRESENTED, AND COUNSEL ADDRESSED:
A Shearing will be held in the above case at:
.(LOCATION OF HEARING).
at_o’clock_M. on_, 19_
SUBJECT OF THE HEARING:
.(MATTERS TO BE CONSIDERED).
The parties should arrange for all witnesses to appear promptly at the aforesaid time and place. The right is reserved to take such action as the law permits should either party fail to appear.
I CERTIFY that the foregoing Nnotice of Shearing was served by mail or by hand delivery on the parties, if unrepresented, and counsel at the addresses written above on _, 19_
Assistant to the Deputy Commissioner
Judge of Compensation Claims
FORM 4.909. NOTICE OF FINAL HEARING^DOCKET OF CASES AND PRETRIAL CONFERENCE
[This form should be used for final merit hearings. Section 440.25(3)(b)2, Florida Statutes, mandates a pretrial hearing in all cases.l
fFor caption and style of pleadings see form 4.9011
NOTICE OF FINAL HEARING AND PRETRIAL CONFERENCE
TO THE PARTIES, IF UNREPRESENTED, AND COUNSEL ADDRESSED:
Pursuant-to-the - attached schedule. As authorized under section 440.25(3), Florida Statutes, and Florida Rules of Workers’ Compensation Procedure 4.080(a) and 4.100, a Ttrial (Ffinal Shearing) and a Ppretrial Proceedinghearing will be held in this Cclaim. A Pretrial-questionnaire is furnished herewith to counsel-and-to -any unrepresented party. *467 It must be completed, filed and served on or before the Pretrial date specified on the schedule. Counsel may waive a live Pretrial conference only if all parties are represented by counsel. If counsel undertake to complete the pretrial procedure by mail or telephone conference, the completed Pretrial questionnaire will be filed or the telephone conference held on or before the time scheduled for the Pretrial conference in the attached schedule.
No witnesses will be heard aka Pretrial conference, however, all documentary -evidence including- medical bills and reports in the possession of the parties must be available at any Pretrial conference. — Failure to comply in good faith with-the Pretrial procedure result in sanctions.
Many of the Final Hearings on the schedule-will not take place, — You may call the Deputy-Commissioner’s office (TELEPHONE NUMBER) to ascertain the actual trial schedule.
All pleadings should be filed at the office of the- Deputy Commissioner (ADDRESS) regardless of the location of the hearing.
[Note: Second-page of notice.]
STATE QF- FLORIDA DEPARTMENT OF-LABOR AND EMPLOYMENT SECURITY DIVISION-QF WORKERS’ COMPENSATION OFFICE OF THE DEPUTY COMMISSIONER msTPTrrp »
SCHEDULE OF FINAL HEARINGS FOR (DAY), (DATE), 19_^ AT (LOCATION OF-HEARING)
M. (or as soon thereafter as the case may be heard).
FINAL HEARINGS^ (Concerning all matters raised in-the Claim(s), Notice-of Defenses and Counterclaims, or by amendments thereto or by Motion,)
4,
&
&

4t

Sr

A PRETRIAL CONFERENCE-FOR THE^ABOV-E-WILL BE HELD:
nn ,1 ⅛ — at ..t,ha-above location unless -otherwise arranged by agreement of counsel.
The pretrial hearing will be held in this claim at:
[[Image here]]
at ..M., on _ , 199-
The final hearing will be held in this claim at:
[[Image here]]
at _ .M„ on 199_
SUBJECT OF THE FINAL HEARING AND THE PRETRIAL HEARING:
[[Image here]]
Please note the following important instructions.
a. Notice of trial (final hearing) and pretrial proceedings. Pursuant to the foregoing notices a trial (final hearing) and a pretrial proceeding will be held in this claim.
*468 b. Pretrial questionnaire and procedure for waiver of pretrial hearing. A pretrial questionnaire as set forth in Florida Rule of Workers’ Compensation Procedure 4.910 must be completed, filed, and served on all appropriate parties on or before the date of the pretrial conference (hearing) noticed herein. A live pretrial conference may be waived only if all parties are represented by counsel or by express permission of the judge of compensation claims. In the event of such a waiver, the pretrial questionnaire must be completed and filed with the judge of compensation claims on or before the date of the pretrial conference (hearing) noticed herein.
c. Telephone pretrial hearings. If a live pretrial hearing is required, a telephone hearing can be held if the party requesting the telephone hearing makes prior arrangements with the office of the judge of compensation claims.
d. Witnesses, documentary evidence, and sanctions for non-compliance. No witnesses will be heard at a pretrial conference. However, all documentary evidence including medical bills and reports in the possession of the parties must be available at any pretrial conference. Failure to comply in good faith with the pretrial procedure shall result in sanctions as provided under Florida Rule of Workers’ Compensation Procedure 4.150.
e. Final hearing, witnesses, and subpoenas. At the final hearing, the parties must arrange to have all witnesses present to promptly testify at the time and place noticed above. Subpoenas will be issued on request of the parties or their counsel.
f. Subpoenaed witnesses — failure to appear, sanctions. If any party or legally subpoenaed witness fails to appear at the time and place set for this hearing, sanctions under rule 4.150 may be imposed or punitive actions authorized under section 440.33, Florida Statutes, may be instigated.
DONE AND ORDERED in Chambers^
Honorable (SEAL) DEPUTY COMMISSIONER
Judge of Compensation Claims
I CERTIFY that a copy of the foregoing Nnotice was mailed or delivered to the above-named parties, if unrepresented, and counsel on_, 19_
ASSISTANTssistant to THE DEPUTY COMMISSIONER the Judge of Compensation Claims
THIS IS THE ONLY NOTICE OF HEARING AND PRETRIAL CONFERENCE YOU WILL RECEIVE,
FORM 4.910. UNIFORM PRETRIAL STIPULATION AND PRETRIAL COMPLIANCE QUESTIONNAIRE
PRETRIAL COMPLIANCE
Pursuant to the Order of the Deputy Commissioner and the applicable rule, the undersigned-offer — and-agree-to- stipulate as follows;
I, STIPULATIONS
4r Date of Accident: -
Employee:.
Employer/Carrier:. . — .
⅛ Place of Accident [or venue, if agreed-]-(-Gounty);
Employee:
Employer/Carrier-;------.. ...
3r Employer/Employee relationship on date of accident:
Employer/Carrier: .
4r Workers’ compensation insurance coverage in effect on date of accidente
Employer/Carrier:
5t Accident accepted as compensable:
Employer/Carrier: ■■■■■■ . —
*469 & Timely notice of accident/injury;
Employer/Carrier;
¾. Timely notice of pretrial and final hearing;
Employee: — .
Employer/Carrier:— ..... ..—
& Jurisdiction of the Deputy Commissioner over the subject matter and — parties;
Employee: . .- .. —
Employer/ Carrier: — ■ .-
dr Average weekly wage;
Employee: $ — .. ■ —
Employer/Carrier: $ - - . — , ■ ■■
NQ-TE: If there is a dispute as to the average weekly wage) each party shall-attach copies of all payroll records,
40, Maximum medical improvement, if reached, giving date, name of physician and impairment rating:
Employee: ... . _
Employer/Carrier; , .
II, CLAIMS AND DEFENSES
It Employee: -list each type, period, provider and amount of benefits or other issue to be tried at the final hearing?
2, Employer/Carrier: list each defense or other issue to be tried-at the final hearing,
NOTE: The Deputy Commissioner reserves the right to impose sanctions for-failure to specifically answer-the foregoing in good faith, A reference to another pleading or to a general-class of benefits is insufficient. Any issues not specifically raised inthis-section will be deemed waived or abandoned, unless good cause is shawm
III, WITNESSES AND EVIDENCE
It List all witnesses (by -name and address) to be heard at-the final hearing by deposition;
Employee;
Employer/Carrier:
& List all witnesses (by name and address) to be called live at the final-hearing;
Employee;
Employer/Carrier:
⅜ List all witnesses (by name and address) for which permission will be sought to testify by telephone:
Employee;
Employer/Carrier:
4r Attach copies of all documentary evidence (including medical and rehabilitation reports and bills)-to be used at the final hearing if not previously furnished to opposing party or counsel, — If previously furnished, identify the documentary-evidence to be introduced at the final hearing in a separate schedule attached-to this compliance, — Each- party must indicate any- documents NOT stipulated into evidence without swor-n proof,
THE OFFICE OF -THE DEPUTY COMMISSIONER-MUST BE-NOTIFIED BY TELEPHONE OIL BY SEPARATE LETTER IMMEDIATELY IF T-H-E- FINAL HEARING WILL-REQU-IRE MORE THAN ONE HOUR,
- ■■■ . .-Dai*»-
Employee (or Attorney)
Date- —tt ■■-=
Employer/Carrier (or Attorney)
If served by mail or deliveryT-the attorney shall attach his certificate of service before filing.
*470 (a) Form for Pretrial Stipulation and Pretrial Compliance Questionnaire.
STATE OP FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY ""OFFICE 01' THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
EMPLOYEE: ATTORNEY FOR EMPLOYEE:
.(NAME! 1)., .(NAME).
'ADDRESS) . (ADDREl SSL
CLAIMANT: ATTORNEY FOR CLAIMANT:
(NAME) .(NAME). .(NAME)....
.(ADDRESS). RADDRESS).
EMPLOYER: ATTORNEY FOR
EMPLOYER/CARRIER:
.(NAME). .(NAME).
.(ADDRESS). .(addre; SSL
CARRIER (SERVICING AGENT): CLAIM NUMBER:
.(NAME). DATE OF ACCIDENT:
UNIFORM PRETRIAL STIPULATION AND PRETRIAL COMPLIANCE QUESTIONNAIRE
As authorized under Florida Rule of Workers' Compensation Procedure 4.100, and as ordered by the judge of compensation claims, the parties hereby provide the following information and make the following stipulations: Rowing stipulations?
I. STIPULATIONS
1. Date of accidents):
Employee:
E/C/SA:
2. Place of accident(s) (or, if agreed, county/venue):
Employee:
E/C/SA; -
3. Final hearing scheduled:
Date-!- -
Time-!
Place:.
4. Employer/employee relationship on date of accident:
E/C/SA: (circle one) yes no
5. Workers’ compensation insurance coverage in effect on date of accident: ape
E/C/SA: (circle one) yes no
6. Accident or occupational disease accepted as compensable:
E/C/SA: (circle one) yes no
7. Injuries or conditions accepted as compensable:
E/C/SA: (circle one) yes no
8. Timely notice of accident, injury, or occupational disease:
Employee (date notice given)"
C/SA: (circle one) E7 yes no
9. Timely notice of pretrial and final hearing:
Employee: {circle one) yes no
E/C/SA: (circle one) yes no
10. Jurisdiction of judge of compensation claims over the subject matter and parties:
Eiñi aployee: (circle oneT yes no
E7 C/sA: (circle one) yes no
11. Average weekly wage (AWW):
Employee" (a) Base wage
(b) Fringe benefits
al Total
E/C/SA: Base wage
(b)Fringe benefits.
Tota! —:
*471 NOTE: If there is a dispute as to the AWW, each party shall attach copies of all relevant records, and the E/C/SA within 5 working days from the date of this order should submit a wage statement
12. Date(s) notice(s) to controvert filed:
Employee: date: ~ date: date:.. ..
E/C/SA: date: I date: I date:. ..
13. Maximum medical improvement, if reached, giving date, name of physician, and impairment rating:
Employee: date: _ doctor:_
rating:
E/C/SA: date: _ doctor:__ _
rating:
14. If benefits under section 440.13, Florida Statutes, (medicals) are determined to be due or stipulated due herein, the parties agree that the exact amounts payable to health care providers will be handled administratively and medical bills need not be placed into evidence at trial.
Employee: (circle one) yes no
E/C/SA: (circle one) yes no
15. Medical treatment authorized: .... ..
16.Classification and periods of time for which benefits were paid:.
17. Date claim filed with division:
Employee:
E/C/SA: (circle one) jres 22
18. Attorney fee. Evidence as to amount by (circle one):
Employee: affidavit hearing
E/C/SA: ~ affidavit hearing
19. Other Stipulations: _
II. CLAIMS AND DEFENSES
L Employee: List each type, period, provider, and amount of benefits or other issues to be tried at the final hearing (TTD, TPD, or WAGE LOSS claimed to (date) ):
2. Employer/Carrier/Servicing Agent: List each defense or other issue to be tried at the final hearing:
NOTE: THE JUDGE OF COMPENSATION CLAIMS RESERVES THE RIGHT TO IMPOSE SANCTIONS FOR FAILURE TO SPECIFICALLY ANSWER THE FOREGOING IN GOOD FAITH. A REFERENCE TO ANOTHER PLEADING OR TO A GENERAL CLASS OF BENEFITS IS INSUFFICIENT. ANY ISSUES NOT SPECIFICALLY RAISED IN THIS SECTION WILL BE DEEMED WAIVED OR ABANDONED UNLESS GOOD CAUSE IS SHOWN?
*472 III. WITNESSES AND EVIDENCE
1. List witnesses to testify live, by telephone, or by deposition. Final witness lists must be served on opposing parties no later than final hearing. Depositions should be filed (check one). days before the at the time of the final hearing or days before the final hearing.
[[Image here]]
[[Image here]]
2. Attach copies of all documentary evidence (including medical and rehabilitation reports and bills) to be used at the final hearing if not previously furnished to opposing party or counsel. If previously furnished, identify the documentary evidence to be introduced at the final hearing in a separate schedule attached to this compliance. Each party must indicate any documents NOT stipulated into evidence without sworn proof.
[[Image here]]
3. Estimated time of final hearing. Note: judge of compensation claims normally allots hours for a routine hearing.
Employee:
E/C/SA:
Total estimated time:
THE OFFICE OF THE JUPGE OF COMPENSATION CLAIMS MUST BE NOTIFIEP
BY TELEPHONE OR BY SEPARATE LETTER IMMEPIATELY IF THE FINAL HEARING WILL REQUIRE MORE THAN HOUR(S).
Bate:
Employee
Attorney for Employee
.(address).
..(telephone number).
Florida Bar No... (bar number).
—-. Employer/carrier/servicing agent
Pate:
Attorney for Employer/carrier/servicing agent .(address). . . .~7T
*473 .(telephone number).
Florida Bar No.(bar number).
NOTE: CERTIFICATION OF SERVICE. If the completed stipulation is delivered, mailed, or delivered by facsimile machine, a certificate of service to the parties as provided for under Florida Rule of Workers’ Compensation Procedure 4.030(b)(2), should be completed before filing. If the following optional order approving the stipulation is used, the certificate of service will be signed by and mailed or hand delivered by the assistant to the judge of compensation claims.
ORDER (optional)
The above pretrial stipulation and pretrial compliance questionnaire is hereby approved and accepted.
DONE AND ORDERED in (city) , (county) Florida, this day of , 19-
Judge of Compensation Claims
I CERTIFY that a copy of the foregoing stipulation was mailed or hand delivered to the above-named parties and counsel on . 19
Assistant to Judge of Compensation Claims
(b) Form for Supplemental Stipulations and Final Witness List.
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT . (district number) .
EMPLOYEE: ATTORNEY FOR EMPLOYEE:
.(NAME). .(NAME).
.(ADDRESS). .(ADDRESS).
CLAIMANT: ATTORNEY FOR CLAIMANT:
Tlf other than Employee.!
.(NAME). .(NAME).
.(ADDRESS). .(ADDRESS).
EMPLOYER: ATTORNEY FOR
EMPLOYER/CARRIER:
.(NAME). . (NAME).
.(ADDRESS). .(ADDRESS).
CARRIER (SERVICING AGENT): CLAIM NUMBER:
.(NAME). DATE OF ACCIDENT:
.(ADDRESS).
SUPPLEMENTAL STIPULATIONS AND FINAL WITNESS LISTS
The pretrial stipulation and pretrial questionnaire is hereby supplemented as follows:
I. STIPULATIONS
L
2.
II. WITNESSES & EVIDENCE
L The following additional witnesses will testify live, by telephone, or by deposition (check one only):
[[Image here]]
*474 [[Image here]]
2. Additional Documentary Evidence Listed Below:
[[Image here]]
Date:
. Employee
Attorney for Employee
.(address)......
..(telephone number).
Florida Bar No.'.(bar number).
Employer/carrier/servicing agent
Date:
Attorney for Employer/carrier/servicing agent
.(address)... .77
..(telephone number).
Florida, Bar No.(bar number).
NOTE: CERTIFICATION OF SERVICE. If the completed stipulation is delivered, mailed, or delivered by facsimile machine, a certificate of service to the parties as provided for under Florida Rules of Workers* Compensation Procedure 4.030(b)(2), should be completed before filing. If the following optional order approving the stipulation Is used, the certificate of service will be signed by and mailed or hand delivered by the assistant to the judge of compensation claims.
ORDER (optional)
The above pretrial stipulation and pretrial compliance questionnaire is hereby approved and accepted!
DONE AND ORDERED in (city) _ -, (county) , Florida, this day of , 19
"Judge of Compensation Claims
I CERTIFY that a copy of the foregoing stipulation was mailed or hand delivered to the above-named parties and counsel on. —, 19 — IT
Assistant to Judge of Compensation-DIaims
FORM 4.911. ORDERS APPROVING SETTLEMENT OF PROSPECTIVE BENEFITS
L(a) Settlements pursuant to Ssection 440.20(12)(a) and (c), Florida Statutes, for accidents occurring after August 1, 1979, and before October 1, 1989.
TFor caption and style of pleadings see form 4.901]
ORDER FOR RELEASE FROM LIABILITY FOR FUTURE PAYMENTS OF COMPENSATION, REHABILITATION EXPENSES, OR DEATH BENEFITS BUT EXCLUDING MEDICAL EXPENSES
The joint petition and stipulation for settlement pursuant to Ssection 440.20(12)(a) and (c), Florida Statutes, and Florida Rule of .Workers' Compensation Procedure 4.131, Florida Workers’ Compensation -R»les~c>f Procedure^ having come before the undersigned upon *475 due notice to the parties and their counsel; and having reviewed the joint petition and stipulation for settlement, the ©division file¿ and the evidence in this cause; having received in evidence the sworn proof of the employee; and having heard the argument of counsel;
I FIND:
All requirements of Ssection 440.20(12)(a) and (c), Florida Statutes, and Rrule 4.131, Florida Workers’ Compensation Rules of Procedure, have been complied with.
(2}t The employer has had adequate notice of these proceedings.
(3)t The employee [or claimant] fully understands the terms, conditions, consideration for, and consequences of the proposed settlement.
(4)t The proposed settlement is in the best interests of all parties.
The proposed settlement will further the rehabilitation of the employee [or claimant] and will otherwise benefit the employee [or claimant] to a greater extent than the payment of benefits periodically under the provisions of Cchapter 440, Florida Statutes.
(6), The employee has reached maximum medical improvement more than three3 months prior to the consideration of this joint petition and stipulation for settlement. [Alternative: The employee died as a consequence of the industrial accident.]
(7]t The payment of attorney fees as set forth in the joint petition and stipulation for settlement is supported by the evidence and in compliance with the requirements of ©chapter 440, Florida Statutes.
IT IS ORDERED AND ADJUDGED:
©(A) The joint petition and stipulation for settlement is approved and the parties are ordered to comply with the provisions thereof.
2,(R) Upon payment of the consideration set forth in the joint petition and stipulation for settlement the liability of the employer and its carrier (or servicing agent) for future payments of compensation, rehabilitation expense, or death benefits because of the above; captioned industrial accident and injury shall be fully and forever discharged and released.
3t(C) The responsibility of the employer and its carrier (or servicing agent) for future medical expenses remains as it now is for the time and in the manner provided by law.
4JD) This order shall not be subject to modification or review under Ssection 440.28, Florida Statutes.
DONE AND ORDERED in Chambers,
(SEAL)
Deputy Commissioner Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered in the ©office of the Deputy CommissioBerjudge of compensation claims and a copy was served by U.S. Mail on each party and counsel at the addresses listed above on_, 19_
Assistant to the Deputy- Commissioner Judge of Compensation Claims
(b) Settlements Pursuant to Section 440.20(12)(a), Florida Statutes, for Accidents Occurring on or after October 1, 1989, and Section 440.20(12)(c) for Accidents Occurring on or after October 1, 1989, but before July 1, 1990.
[For caption and style of pleadings see form 4.901]
ORDER FOR RELEASE FROM LIABILITY FOR FUTURE PAYMENTS OF COMPENSATION, REHABILITATION EXPENSES, OR DEATH BENEFITS, BUT EXCLUDING MEDICAL, TRAINING, AND EDUCATION EXPENSES
The joint petition and stipulation for settlement pursuant to section 440.20(12)(a) and (c), Florida Statutes, and Florida Rule of Workers' Compensation Procedure 4.131, having come before the undersigned on due notice to the parties and their counsel; and having *476 reviewed the joint petition and stipulation for settlement, the division file, and the evidence in this cause; having received in evidence the sworn proof of the employee; an? having heard the argument of counsel;
I FIND:
(1) All requirements of section 440.20(12)(a) and (c), Florida Statutes, and rule 4.131 have been complied with.
(2) The employer has had adequate notice of these proceedings.
(3) The employee for claimant! fully understands the terms, conditions, consideration for, and consequences of the proposed settlement.
(4) The proposed settlement is in the best interests of all parties.
(5) The proposed settlement will further the rehabilitation of the employee for claimant] and will otherwise benefit the employee for claimant] to a greater extent than the payment of benefits periodically under the provisions of chapter 440, Florida Statutes.
(6) The employee has reached maximum medical improvement more than 3 months prior to the consideration of this joint petition and stipulation for settlement. [Alternative: The employee died as a consequence of the industrial accident.]
(7) The payment of attorney fees as set forth in the joint petition and stipulation for settlement is supported by the evidence and in compliance with the requirements of chapter 440, Florida Statutes.
IT IS ORDERED AND ADJUDGED:
(A) The joint petition and stipulation for settlement is approved and the parties are ordered to comply with the provisions thereof.
(B) Upon payment of the consideration set forth in the joint petition and stipulation for settlement the liability of the employer and its carrier (or servicing agent) for future benefits of compensation, or death benefits because of the above-captioned industrial accident and injury shall be fully and forever discharged and released.
(C) The responsibility of the employer and its carrier (or servicing agent) for future medical expenses, training, and education remains as it now is for the time and in the manner provided by law.
(D) This order shall not be subject to modification or review under section 440.28, Florida Statutes.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered in the office of the judge of compensation claims and a copy was served by U.S. Mail on each party and counsel at the addresses listed above on, 19
Assistant to the Judge of Compensation Claims
H.(c) Settlements ^Pursuant to Section 440.20(12)(b), Florida Statutes, before October 1, 1989.
TFor caption and style of pleadings see form 4.901]
ORDER FOR RELEASE FROM LIABILITY FOR ALL WORKERS’ COMPENSATION BENEFITS PURSUANT TO SECTION 440.20(12)(b), FLORIDA STATUTES
The joint petition and stipulation for settlement pursuant to Ssection 440.20(12)(b), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.131, Fla, W.C.R.P.) having come before the undersigned upon due notice to the parties and their counsel; and having reviewed the joint petition and stipulation for settlement, the division fitei and the evidence in this cause; having received in evidence the sworn proof of the employee; and having heard the argument of counsel;
I FIND:
(1> All requirements of Ssection 440.20(12)(b), Florida Statutes, and Rrule 4.131,— Fla.W.C.R.P. have been complied with.
*477 (2)t The employer has had adequate notice of these proceedings.
(S)t The employee fully understands the terms, conditions, consideration forT and consequences of the proposed settlement.
(4}t The proposed settlement is in the best interests of all parties.
(5)t The proposed settlement will further the rehabilitation of the employee and will otherwise benefit the employee to a greater extent than the payment of benefits periodically under the provisions of Cchapter 440, Florida Statutes.
(6)t The payment of attorney fees as set forth in the joint petition and stipulation for settlement is supported by the evidence and in compliance with the requirements of Cchapter 440, Florida Statutes.
(7)T There is a bona fide dispute and controversy as to the liability of the employer and its carrier (or servicing agent) for the payment of workers’ compensation benefits as a result of the above-styled alleged industrial accident and injury. The employer and its carrier have voluntarily paid or provided no benefits and have timely controverted the claim for benefits.
IT IS ORDERED AND ADJUDGED:
jU(A) The joint petition and stipulation for settlement is approved and the parties are ordered to comply with the provisions thereof.
2»(B) Upon payment of the consideration set forth in the joint petition and stipulation for settlement* the liability of the employer and its carrier (or servicing agent) for payment or provision of benefits of any class (including medical care) because of the above:captioned alleged industrial accident and injury shall be fully and forever discharged and released.
⅛(0 This order shall not be subject to modification or review under Ssection 440.28, Florida Statutes.
4t(D) The employee having agreed to pay faisthe employee’s attorney a reasonable attorney fee for hfe services, and finding that the fee is reasonable and in accordance with law, the fee as agreed to is approved. The employer and its carrier (or servicing agent) shall pay no part of the attorney fee.
DONE AND ORDERED in ChambersT
(SEAL)
Deputy-Commissioner Judge of Compensation Claims
THIS IS TO CERTIFY that the above, order was entered in the ©office of the Deputy Commissionerjudge of compensation claims and a copy was served by U.S. Mail on each party and counsel at the addresses listed above on_, 19_
Assistant to the Deputy Commissioner Judge of Compensation Claims
HL(d) Settlements ^Pursuant to Section 440.20(10), Florida Statutes,(1978).
|~For caption and style of pleadings see form 4.9011
ORDER FOR RELEASE FROM LIABILITY FOR PAYMENTS OF WORKERS’ COMPENSATION PURSUANT TO SECTION 440.20(10), FLORIDA STATUTESTÍ1978)
(PRE-AUGUST 1, 1979* DATE OF ACCIDENT)
The joint petition and stipulation for settlement pursuant to Ssection 440.20(10), Florida Statutes* (1978), and Florida Rule of Workers’ Compensation Procedure 4.131, Florida Workers’- Compensation Rules of Procedure* having come before the undersigned upon due notice to the parties and their counsel; and having reviewed the joint petition and stipulation for settlement, the Ddivision file* and the evidence in this cause; having received in evidence the sworn proof of the employee; and having heard the argument of counsel;
*478 I FIND:
{1}t All requirements of Ssection 440.20(10), Florida Statutes,(1978), and rule 4.131T Florida Workers’ Compensation Rules of Procedure, have been complied with.
(2), The employer has had adequate notice of these proceedings.
(3)* The employee [or claimant] fully understands the terms, conditions, consideration for¿ and consequences of the proposed settlement.
(4)⅛ The proposed settlement is in the best interests of all parties.
(5). The proposed settlement will further the rehabilitation of the employee [or claimant] and will otherwise benefit the employee [or claimant] to a greater extent than the payment of benefits periodically under the provisions of ©chapter 440, Florida Statutes.
(6)t The payment of an attorney fee as set forth in the joint petition and stipulation for settlement is supported by the evidence and in compliance with the requirements of Cchapter 440, Florida Statutes.
IT IS ORDERED AND ADJUDGED:
L(A) The joint petition and stipulation for settlement is approved and the parties are ordered to comply with the provisions thereof.
2.(B) Upon payment of the consideration set forth in the joint petition and stipulation for settlement the liability of the employer and its carrier (or servicing agent) for any payments of worker’s^ compensation benefits because of the above:captioned industrial accident and injury shall be fully and forever discharged and released.
3t(C) This order shall not be subject to modification or review under Ssection 440.28, Florida Statutes.
DONE AND ORDERED in Chambers,
(SEAL)
Deputy-Commissioner Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered in the ©office of the Deputy Commissionerjudge of compensation claims and a copy was served by U.S. Mail on each party and counsel at the addresses listed above on_, 19_
Assistant to the Deputy Commissioner Judge of Compensation Claims
(e) Settlements Pursuant to Section 440.20(12)(c), Florida Statutes (1990), for Accidents Occurring on or after July 1, 1990.
[For caption and style of pleadings see form 4.901]
ORDER FOR RELEASE FROM LIABILITY FOR PAYMENTS OF WORKERS’ COMPENSATION PURSUANT TO SECTION 440.20(12)(c), FLORIDA STATUTES (1990), FOR ACCIDENTS OCCURRING ON OR AFTER JULY 1, 1990
The joint petition and stipulation for settlement pursuant to section 440.20(12)(c), Florida Statutes (1990), and Florida Rule of Workers’ Compensation Procedure 4.131, having come before the undersigned on due notice to the parties and their counsel; and having reviewed the joint petition and stipulation for settlement, the division file, and the evidence in this cause; having received in evidence the sworn proof of the employee; and having heard the argument of counsel;
I FIND:
(1) All requirements of section 440.20(12)(c), Florida Statutes (1990), and rule 4.131 have been complied with.
(2) The employer has had adequate notice of these proceedings.
(3) The employee (or claimant) fully understands the terms, conditions, consideration for, and consequences of the proposed settlement
(4) The proposed settlement is in the best interests of all parties.
*479 (5) The proposed settlement will further the rehabilitation of the employee (or claimant) and will otherwise benefit the employee (or claimant) to a greater extent than the payment of benefits periodically under the provisions of chapter 440, Florida Statutes?
(6) The employee has reached maximum medical improvement for died as a result of the industrial accident! and has not received medical care for at least 3 months prior to the date of this order. I further find that the employee has been assigned a permanent impairment rating from 1 to 5⅞ in accordance with chapter 440.20(12)(c), Florida Statutes^ and the applicable guidelines?
(7) The amount of settlement has been determined according to the provisions of section 440.20(12)(c), Florida Statutes.
(8) The payment of an attorney fee as set forth in the joint petition and stipulation for settlement is supported by the evidence and in compliance with the requirements of chapter 440, Florida Statutes?
IT IS ORDERED AND ADJUDGED:
(A) The joint petition and stipulation for settlement is approved and the parties are ordered to comply with the provisions thereof.
(B) Upon payment of the consideration set forth in the joint petition and stipulation for settlement, the liability of the employer and its carrier (or servicing agent) for any payments of workers’ compensation benefits because of the above-captioned industrial accident and injury shall be fully and forever discharged and released.
(C) This order shall not be subject to modification or review under section 440.28, Florida Statutes.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered in the office of the judge of compensation claims and a copy was served by U.S. Mail on each party and counsel at the address listed above on , 19
Assistant to the Judge of Compensation Claims
FORM 4.912. NOTICE OF ESTIMATED COST OF PREPARATION OF RECORD ON APPEAL
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY JUDGE OF COMPENSATION CLAIMS DISTRICT_
NOTICE OF ESTIMATED COST OF PREPARATION OF RECORD ON APPEAL
TO: ... ...
APPELLANT
c/o ____
ATTORNEY FOR APPELLANT
APPELLEE
CLAIM NUMBER:
DATE OF ACCIDENT:
CASE NUMBER:
*480 YOU ARE HEREBY NOTIFIED that the cost of the preparation of the record in the above-styled cause is in the approximate sum of $ - Please make check payable to . c/o the undersigned judge of compensation claims.
Your attention is directed to Florida Rule of Workers’ Compensation Procedure 4.180(f), which provides:
(¾ Costs.
(1) Notice of Estimated Costs. Within 5 days after the contents of the record have been determined under these rules, the judge shall notify the appellant of the estimated cost of preparing the record.
(2) Deposit of Estimated Costs. Within 15 days after the notice of estimated costs is served, the appellant shall deposit a sum of money equal to the estimated costs with the judge.
(3) Failure to Deposit Costs. If the appellant fails to deposit the estimated costs within the time prescribed, the judge shall notify the district court, which may dismiss the appeal.
(4) State Agencies: Waiver of Costs. Any self-insured state agency, including the Division of Workers’ Compensation or the Special Disability Trust Fund, need not deposit the estimated costs.
Your attention is called further to rule 4.180(g) and section 440.25(4)(b), Florida Statutes, which together provide:
(g) Relief From Filing Fees and Costs: Indigency.
(1) Filing Fee. An appellant may be relieved of paying the filing fee by submitting a verified petition of indigency under section 57.081(1), Florida Statutes, with the notice of appeal.
(2) Costs of Preparation of Record.
(A) Authority. An appellant also may be relieved in whole or in part from the costs of the preparation of the record on appeal by filing with the judge a verified petition to be relieved of such costs.
(E)Time. The verified petition to be relieved of costs must be filed within 15 days after service of the notice of estimated costs.
(C) Verified Petition: Contents. The verified petition to be relieved of costs shall include the appellant’s sworn financial statement listing his or her income, expenses, assets, and liabilities. The petition also shall include a statement by the appellant’s attorney or the appellant, if not represented by an attorney, that the appeal was filed in good faith and the district court could reasonab y find reversible error in the record!
(D) Verified Petition: Service. The appellant shall serve a copy of the verified petition on the division, the office of general counsel of the department, the clerk of the district court, and all parties.
(E) Hearing on Petition to be Relieved of Costs. After giving 15 days’ notice to the division and all parties, the judge shall promptly hold a hearing and rule on the merits of the petition to be relieved of costs. However, if no objection to the petition is filed by the division or a party within 12 days after the petition is filed, the judge may enter an order on the merits of the petition without a hearing.
(F) Extension of Appeal Deadlines: Petition Granted. If the petition to be relieved of the entire cost of the preparation of the record on appeal is granted, the 60-day period allowed under these rules for the preparation of the record shall begin to run from the date of the order granting the petition.
(G) Extension of Appeal Deadlines: Petition Denied. If the petition to be relieved of the cost of the record is denied or only granted in part, the petitioner shall deposit the estimated costs with the judge within 15 days from the date the order denying the petition is *481 entered. The 60-day period allowed under these rules for the preparation of the record shall begin from the date the estimated cost is deposited with the judge.
(H) Payment of Cost for Preparation of Record by Administration Trust Fund. If the petition to be relieved of costs is granted, the judge may order the Workers’ Compensation Administration Trust Fund to pay the cost of the preparation of the record on appeal pending the final disposition of the appeal.
(I) Reimbursement of Administration Trust Fund If Appeal Is Successful. If the Administration Trust Fund has paid the costs of the preparation of the record and the appellant prevails at the conclusion of the appeal, the appellee shall reimburse the Fund the costs paid within 30 days of the mandate issued by the district court or supreme court under these rules.
Judge of Compensation Claims
I certify that a copy of this notice has been furnished to the appellant, appellant’s attorney, appellee, and the District Court of Appeal, First District, by mail on , 19
Assistant to the Judge of Compensation Claims
FORM 4.913. SUBPOENA
(a) Subpoena for Trial or Deposition.
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY DIVISION OF WORKERS’ COMPENSATION OFFICE OF THE JUDGE OF C0MPENSATI0N~CLAIMS DISTRICT.(district number)~
EMPLOYEE:
EMPLOYER/CARRIER:
CLAIM NUMBER:
DATE OF ACCIDENT:
SUBPOENA
IN THE NAME OF THE STATE OF FLORIDA
To the sheriff or any constable of said county:
You are hereby commanded to summon:
.(Name).
.(Address).
to appear before me at . (location of hearing or deposition) .at.(time).on.(day)...(date).as witness(es) on behalf of.(name of party causing subpoena to be issued).
Herein fail not.
A true copy.
Sheriff =
D.S.
Given under my hand and seal, at .(city).. Florida.(date)
Judge of Compensation Claims
Attorney
*482 .(address).
,.... .(telephone number).
Florida Bar No.(bar number).
(b) Subpoena Duces Tecum for Trial or Deposition.
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY -DIVISION OF WORKERS’ COMPENSATION OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
EMPLOYEE:
EMPLOYER/CARRIER:
CLAIM NUMBER:
DATE OF ACCIDENT:
SUBPOENA
IN THE NAME OF THE STATE OF FLORIDA
To the sheriff or any constable of said county:
You are hereby commanded to summon:
..(Name)..
.(Address).
to appear before me at __(location of hearing or deposition)..... . at ..feme)...... on__ .(day)_... ..... .(date)._7, as witness(es) on behalf of .(name of party causing subpoena to be issued).. .TTT
The witness is ordered and directed to produce for inspection or copying at the
aforesaid time and place:
.(documents to be produced.
Herein fail not.
A true copy.
SESrifF
inn
Given under my hand and seal, at.(city).Florida, .(date).
Judge of Compensation Claims
Attorney
.(address).
.,.... (telephone number).
Florida Bar No.(bar number)

.This Court’s review of the proposed amendments to the Florida Rules of Workers’ Compensation Procedure in the instant case will also constitute our quadrennial review of the rules pursuant to rule 2.130(c) of the Florida Rules of Judicial Administration.

. Ch. 440, Fla.Stat. (1991).

. We have jurisdiction. Art. V, § 2(a), Fla. Const.

. § 440.25(3), Fla.Stat. (1991).